DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 14049. Department Two. — September 2, 1891.]

## WILLIAM F. STANTON, Respondent, v. GEORGE QUINAN et al., Defendants. THOMAS W. GRIMES, Appellant.

Vendor and Purchaser — Mortgage for Purchase-money — Sale of Equity — Notice. — Where a purchaser under a contract of sale, who had agreed to give his vendor a mortgage for deferred purchase-money upon conveyance of the title, sold his equity before the conveyance and mortgage were given, and the mortgagee and purchaser of the equity each took with notice of all the other's rights, each is subject to the equities of the other.

Id. — Rights of Purchaser of Equity. — The purchaser of the equity is entitled, as against the mortgagee with notice, to such rights with reference to the property as the first purchaser had under the contract of purchase, which the original parties could not rescind nor make its conditions more onerous, after sale of the equity.

Id. — Rights of Mortgagee — Subjection of Equity to Lien. — The interest of the purchaser of the equity, though he took prior to the mortgage, is subject to the lien of the mortgage given by his grantor for purchase-money; nor did the change in the form of the debt and security destroy the lien of the original vendor for the purchase-money due him, as against the purchaser of the equity, who took with knowledge of the vendor's rights.

Pleading — Information and Belief — Non-payment of Note — Demurrer. — The fact that all of the allegations of the complaint by an assignee of a promissory note, including the allegation of non-payment, are prefaced with a statement that they are made upon information and belief does not affect the cause of action, and is not a ground of general demurrer.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The action was brought by the plaintiff, as assignee of a note and mortgage, to foreclose the mortgage, and the first paragraph of the complaint introduces all the succeeding allegations, including the allegation of non-payment of the note, by the statement that the plaintiff "alleges, upon information and belief, that," etc. A general demurrer was interposed to the complaint and overruled.

Further facts are stated in the opinion.

*Willis & Cole,* and *Elmer E. Rowell,* for Appellant.

A mortgage given for the purchase price of property, at the time of the conveyance of such property, is not superior to valid existing liens created prior to the giving of the mortgage, and of which the parties to the mortgage had full notice, because such mortgages have priority subject to the operation of the recording laws. (Civ. Code, sec. 2898.) If the vendor neglects to take a mortgage for purchase-money until after the execution of a mortgage to a third person, for value and without notice, the mortgage for purchase-money is subject to the prior mortgage. (1 Jones on Mortgages, sec. 465; Herman on Estoppel, secs. 766, 767, 776.) If the recording of the purchase-money mortgage is delayed, and the other is recorded first, in the absence of notice of the existence of the former mortgage, the latter will prevail. (Civ. Code, sec. 2898; 1 Pomeroy's Eq. Jur., secs. 413–415, notes 1, 2.) Plaintiff's averment on information and belief of the non-payment of the note sued on by him is equivocal and evasive, and not a sufficient averment of non-payment. (*Salisbury* v. *Shirley,* 53 Cal. 464; *Morgan* v. *Menzies,* 60 Cal. 364; *Loup* v. *Cal. S. R. R. Co.,* 63 Cal. 97; *Loveland* v. *Garner,* 74 Cal. 298.)

*Harris & Gregg,* for Respondent.

Salton never intended to part with his security for his unpaid purchase price. His executing a deed to the land, and taking back a mortgage for the unpaid purchase price, was simply a change in the form of the

debt to himself. Such change of the form is always permissible. (*Dillon* v. *Byrne*, 5 Cal. 457, and cases cited; *Swift* v. *Kraemer*, 13 Cal. 530; 74 Am. Dec. 603; *Birrell* v. *Schie*, 9 Cal. 104; *Matzen* v. *Shaeffer*, 65 Cal. 81.) Salton's original security was by holding the title, subject to Quinan's right to complete the purchase by paying the unpaid purchase-money. Salton's conveyance of the title to Quinan, and taking back a mortgage for the unpaid purchase price, was equivalent to the taking of a new mortgage in place of the former one in the nature of an equitable mortgage. The same debt was secured, and therefore Salton's assignee can recover. (*Dillon* v. *Byrne*, 5 Cal. 455; *Birrell* v. *Schie*, 9 Cal. 104; *Swift* v. *Kraemer*, 13 Cal. 530; 74 Am. Dec. 603.) Quinan at no instant of time was seised of the entire interest in the property. The property came to him charged with the unpaid purchase price. (*Lassen* v. *Vance*, 8 Cal. 271; 68 Am. Dec. 322; *Mayberry* v. *Green*, 15 Pet. 21.) A purchase-money mortgage executed simultaneously with the deed of purchase excludes any claim of lien arising through the mortgagor. (Jones on Mortgages, sec. 466; *Morris* v. *Pate*, 31 Mo. 315; *Caston* v. *Root*, 20 Ill. 53; Civ. Code, sec. 2898.)

TEMPLE, C. — This action is to foreclose a mortgage executed by defendant Quinan to one Salton. The appeal is upon the judgment roll.

May 13, 1887, Salton contracted in writing with Quinan for the sale of the property described in the mortgage for three thousand five hundred dollars, one thousand dollars payable at once, one thousand dollars on or before May 12, 1888, and fifteen hundred dollars on or before May 12, 1889. When the second payment was made, Salton was to convey to Quinan, receiving a mortgage on the property for the last payment.

May 17, 1887, Grimes purchased the property from Quinan for four thousand dollars, payable, fifteen hundred dollars in cash, one thousand dollars May 16, 1888, and fifteen hundred dollars May 16, 1889. The contract

was in writing, and contained a stipulation to the effect that upon full payment Quinan would convey the premises to Grimes free from all encumbrances. The two deferred payments were secured by negotiable promissory notes.

December 16, 1887, before any of the deferred payments in their contract became due, Salton conveyed the property to Quinan, and took from him a mortgage to secure the money then due on the contract, made payable according to two promissory notes, being the mortgage and notes sued upon in this action, — one note for $1,055.90, due May 16, 1888, with interest at the rate of ten per cent per annum; the other for $1,574.38, payable May 16, 1889, with interest at ten per cent.

The rate of interest is the same as in the original contract; the notes became due four days respectively after the payments were to have been made under the contract.

Before the execution of the mortgage, Salton knew of the purchase by Grimes, and the terms of his agreement with Quinan, and of the payment made by him; and the plaintiff purchased the mortgage with full knowledge of such facts. Grimes also, at the time of his purchase, knew all the facts with reference to the contract between Salton and Quinan.

Appellant contends that Salton took the mortgage subject to his equities as purchaser from Quinan, and in this we agree with him, but we do not agree with his further contention that his interest in the land is not subject to the lien of the mortgage. Appellant was entitled to such rights with reference to the property as Quinan had under his contract. Salton and Quinan could not rescind it or make its conditions more onerous. Had he asked for such relief, perhaps he would have been entitled to a decree that upon paying the amount due upon the contract, the mortgage should be satisfied and a deed made to him for the property. But he does not propose to pay anything. The difference between the amount due on the contract and the mortgage is but trifling, and is due to

compounding the interest before it was due.   The appellant is not complaining of that, but contends that by the change in the form of the debt and security, Salton lost his lien.   In this he is mistaken.

There is no merit in the objection made to the complaint, and if there were, such an objection could only be made by special demurrer.

We think the judgment should be affirmed.

VANCLIEF, C., and FITZGERALD, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.