[Crim. No. 1038.   In Bank.—January 6, 1904.]

## In re LEO J. CHRISTAL, on Habeas Corpus.

CUSTODY OF MINOR—VOLUNTARY DEPARTURE FROM STATE—HEARING ON
HABEAS CORPUS—GOOD FAITH OF RESPONDENTS.—Where the return
to a writ of *habeas corpus* sued out by a father to obtain the cus-
tody of his minor son showed that he had of his own volition de-
parted for Honolulu, and there remained with his sister, and
where upon the hearing it appeared that the minor was a son
fifteen years of age and in size a man, and that he had quarreled
with his father, and had determined never to return to him, and that
respondents did not encourage him to go to Honolulu, but merely
from motives of humanity furnished him with funds for the trip
which he determined to take, and that this was not done to evade
the writ or to deprive the father of his custody or for any ulterior
or sinister motive or purpose, and that the child is not in their
control, the writ of *habeas corpus* must be discharged.

HEARING in the Supreme Court upon Writ of Habeas
Corpus directed to R. F. Johnson and Teresa Johnson, of
Monterey.

The facts are stated in the opinion of the court.

William T. Kearney, for Petitioner.

C. F. Lacey, and W. W. Foote, for Respondents.

SHAW, J.—This is an application by J. F. Christal, father
of Leo J. Christal, for a writ of *habeas corpus,* to compel the
respondents R. F. Johnson, and his wife, Teresa Johnson,
the aunt of Leo J. Christal, to produce the body of said Leo
J. Christal. The petition was filed on the twenty-eighth day
of May, 1903. Respondents make return that said Leo J.
Christal, on about the seventh day of May, 1903, of his own
volition, went to Honolulu, and there remains, living with
his sister, Anita Christal, and that he is not within their cus-
tody or control.

Upon the hearing the respondent R. F. Johnson was cross-
examined with reference to the facts stated in the return.
Thereupon it appeared that the boy, being fifteen years of
age, in February last resided in Santa Cruz with his father;
that at that time he voluntarily left his home, owing to some

quarrel with his father, and went to the residence of the respondents in Monterey County, and there remained with them until May 6th, not at their solicitation or procurement, but of his own free will; that he declared that he would never return to his father, but would rather throw himself into the bay, or become a tramp; that his sister, who is now in Honolulu, wrote to him to come to her to reside, whereupon he declared his intention of going; that upon his so declaring his intention and making preparations to go, he, having no money wherewith to pay his passage, the respondent R. F. Johnson, who had in his control money belonging to the boy, arranged to have his passage paid, and to that extent assisted in his departure; but that he did not advise or counsel or encourage him to go. Respondent strenuously denies that this was done in anticipation of the issuance of any writ, or that he had any wish or desire to prevent the boy from returning to the custody of his father, and there is no evidence to the contrary sufficient to satisfy the court that his statements are not true.

Counsel for the petitioner cite authorities to the effect that where a child has been given by the parent into the custody of a third person, or where it has been taken into custody by a third person against the wish of the parent, or through some design to take it from the parent's custody, and afterwards, upon a demand by the parent for its production, it appears that the parties so having the custody or control of the child, in anticipation of the issuance of a writ of *habeas corpus,* with the purpose of depriving the parent of its custody, have caused it to be taken beyond the jurisdiction of the court, the fact that it is at the time of the hearing beyond the control of the respondent is no answer to the writ. The court under such circumstances, if it has any reasonable ground to believe that the respondent can produce the child, will imprison him until the child is produced, or until it is demonstrated that its production by the respondent is impossible. These authorities have no application to this case. Here the child is fifteen years of age, and in size is a man. So far as the evidence shows, he has not been detained from the father by the respondents, and he was not sent to Honolulu in anticipation of any writ, nor for the purpose of depriving the father of his custody. He went of his own volition, and all that the

respondents did was, from motives of humanity, to furnish him sufficient funds for his comfort on the trip. It appears that this was not done for any ulterior or sinister motive or purpose; and further, that the child is not now under the control of the respondents.

We are therefore of the opinion that the respondents must be discharged and the writ dismissed.

Van Dyke, J., McFarland, J., Henshaw, J., Lorigan, J., and Angellotti, J., concurred.