[Crim. No. 683.    First Appellate District.—May 9, 1917.]

In the Matter of BYRD WILSON WENMAN, JR., on Habeas Corpus.

DIVORCE — AWARD OF CUSTODY OF MINOR — JUDGMENT — VALIDITY IN OTHER STATES.—The doctrine of comity between the states of the Union requires that a judgment granting a divorce and awarding the custody of a minor child rendered by a court of one state shall be conclusive in the jurisdiction of the other states, in the absence of a showing of changed conditions affecting the welfare of the child.

ID.—VIOLATION OF DECREE OF FOREIGN STATE—DUTY OF COURTS OF THIS STATE.—Upon an application for a writ of *habeas corpus* to recover the custody of a minor child brought into this state by its mother, in direct violation of the terms of a decree of a court of competent jurisdiction of another state awarding its custody to the petitioner, a due respect for the orderly administration of the law, and according to the doctrine of comity, requires the courts of this state to recognize the right of the petitioner under the decree of the foreign court, in the absence of any showing that since the entry of the decree the petitioner had become an unfit or unsafe person to have the care and control of the minor.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the First Appellate District to recover the custody of a minor.

The facts are stated in the opinion of the court.

Garret W. McEnerney, Gavin McNab, R. P. Henshall, and Andrew F. Burke, for Petitioner.

Sullivan & Sullivan and Theo. J. Roche, Hiram W. Johnson, Jr., and Archibald M. Johnson, for Respondents.

THE COURT.—This is a proceeding in *habeas corpus* brought to recover the custody of a minor child alleged to have been abducted and at present unlawfully detained. The writ having issued, a return was made thereto by the person detaining the child, and the matter is before us for decision upon demurrer to the return.

In May, 1914, in the state of Connecticut, the parents of the child—a boy now seven years of age—were divorced, and his custody was by the decree awarded to the petitioner, the

father, with the right to the mother to visit her son twice a week at his father's home in the state of Connecticut, and to be given his custody during certain vacation periods each year. That decree was subsequently, in the month of June, 1915, modified by consent of the parties, and as modified provided that the mother should be permitted to visit the boy at his father's said home twice a month, remaining all day, and that he should be permitted to be with his mother at the home of her parents on Easter Sunday and Christmas day of each year, to remain overnight, and to be returned to his father on the following day as soon as reasonably convenient.

In the closing days of December, 1916, the boy's mother (who is the respondent in this proceeding) "abducted and kidnaped" him, says the petition, and caused him to be taken out of the state of New York, where he was at the time visiting her, and brought to the state of California. The child's parents at the time of the entry of the decree were residents of Connecticut. The mother has since remarried and become a resident of the state of New York, and at the time of the alleged abduction the petitioner with the child was temporarily residing in that state.

Kidnaping is denounced as an offense against the law both in Connecticut and New York; and when committed in another state and the person kidnaped is brought into the state of California, is a continuing offense and punishable in this state. (Pen. Code, secs. 207, 208.)

The doctrine of comity between the states of the Union requires that a judgment granting a divorce and awarding the custody of a minor child rendered by a court of one state shall be conclusive in the jurisdiction of the other states, in the absence of a showing of changed conditions affecting the welfare of the child. (*State ex rel. Nipp* v. *District Court,* 46 Mont. 425, [Ann. Cas. 1916B, 256, 128 Pac. 590].)

In the case of *Hartley* v. *Blease,* 99 S. C. 92, [82 S. E. 991], it was held in a proceeding similar to this that where in a suit for divorce the husband was granted the custody of a minor child of the marriage, who was subsequently kidnaped by the wife, the decree itself was evidence of the husband's moral fitness to care for the child; and that unless his conduct since the rendition of the decree had been such as to render him an unfit guardian he should, in a proceeding for the recovery of the child, be awarded his custody.

33 Cal. App.—38

Some of the more important matters with which the respondent charges the petitioner in her return are alleged to have existed prior to and at the time of the entry of the decree of divorce. As to them, we think it evident that the decree is conclusive, and that this court cannot now re-examine them for the purpose of depriving the petitioner of a custody therein awarded to him. Other matters set forth in the return consist of alleged discourtesies to the respondent on the part of the petitioner when visiting the child; of failure to permit the child to remain overnight with her twice a year as in the modified decree provided; of failure to notify her on one occasion when the child was ill, as was required by the terms of the decree. By these and other allegations respondent in effect complains that she has been denied in a large measure the enjoyment of the society of her child contemplated by the decree.

Without stopping to consider that these matters are alleged to have occurred not in California, but at the domicile of the petitioner and minor in the state of Connecticut, or near there in the state of New York—where evidence concerning them is accessible, and where a proper enforcement of the decree may be readily had—they have little or no bearing on the question of the fitness of the petitioner to have the care and custody of his minor child, even if we concede for the sake of argument that under the circumstances existing in this case the courts of California would be warranted in assuming jurisdiction, and determining under the facts as they exist to-day who is entitled to such custody. It is shown by the record before us that the minor was brought to this state by the respondent in direct violation of a decree of a court of competent jurisdiction of a sister state awarding its custody to the petitioner. The child's presence here is founded on a tort or offense against the law, and it is not made to appear that since the entry of the decree under which the petitioner is now claiming he has become an unfit or unsafe person to have the care and control of his minor child; and it is admitted—at least tacitly—by the respondent in her return that she could not establish her right in the courts of Connecticut or New York, to the relief which, three thousand miles away from the place where the difficulties between the parties arose, she hopes to get in the courts of this state. Under these circumstances we think there is no question but

that a due respect for the orderly administration of the law, and according to the doctrine of comity among sister states, requires this court to recognize the right of the petitioner under the decree of the court of the state of Connecticut hereinbefore referred to, to the custody of Byrd Wilson Wenman, Jr., the said minor.

It is therefore ordered that said respondent Louise Ladew Nave, forthwith deliver to the petitioner, Byrd Wilson Wenman, Sr., the said minor child of petitioner and respondent.