[Crim. No. 1545.  First Appellate District, Division One.—August 7, 1929.]

In the Matter of the Application of FRANK MARSHALL for a Writ of Habeas Corpus.

L. C. Pistolesi, Edgerton D. Lakin and Lewis Hayd Leve for Petitioner.

Robert E. Fitzgerald for Respondents.

THE COURT.—This matter is before the court on petition for a writ of *habeas corpus* to determine as between petitioner, Frank Marshall, and respondents, Aileen H. Haremza and Donald Haremza, the right to the custody of Betty Nadine Anderson, a minor child, not related by blood to either petitioner or respondents.

The history of the case, as disclosed by the record, is as follows: On October 10, 1923, the minor, who lived with petitioner and respondent Aileen H. Haremza, was, by proceedings had in the probate court of the county of Wyandotte, state of Kansas, duly adopted by respondent Aileen H. Haremza, formerly married to petitioner, Frank Marshall, but now the wife of Donald Haremza; on September 21, 1927, while divorce proceedings were pending between petitioner, Frank Marshall, and respondent Aileen H. Haremza, formerly Aileen H. Marshall, and which terminated in a decree of divorce being entered, petitioner, Frank Marshall, and respondent Aileen H. Haremza, then his wife, entered into a written agreement concerning the custody of the minor, by which agreement Aileen H. Haremza transferred the custody and care of the minor to petitioner; petitioner moved from California, taking the child with him, to Casa Grande, in the state of Arizona; on November 16, 1928, Aileen H. Haremza filed in the Superior Court of the state of Arizona, in and for the county of Pinal, petition for a writ of *habeas corpus*, praying that the writ be granted, directing that Frank Marshall have the person of the minor, Betty Nadine Anderson, before the court, together with the cause of her detention, confinement and restraint, and that the court make an order awarding Aileen H. Haremza the custody of such minor. The writ issued and on November 21, 1928, the

petition and return came on for hearing and the court made and entered its order ''that the application of petitioner be denied and that said minor child, Betty Nadine Anderson, remain in the care and custody of Frank Marshall, in the town of Casa Grande, county of Pinal, state of Arizona.'' On December 12, 1928, respondent Aileen H. Haremza abducted the minor and brought her to the state of California. On May 1, 1929, petition for a writ of *habeas corpus* was filed in the Superior Court of the state of California, in and for the county of San Mateo, by petitioner, which writ was issued as prayed, and ordered Aileen H. Haremza and Donald Haremza, her husband, to have the minor before the court, and upon the hearing, on May 4, 1929, the court made its order ''that the application of the petitioner, Frank Marshall, be and it is denied, and that said minor child, Betty Nadine Anderson, be and remain in the care, custody and control of Aileen H. Haremza.'' Subsequently, petitioner, Frank Marshall, instituted this proceeding in which he petitions the court to make its order awarding to him the custody of the minor child.

The question presented is whether the order and judgment of the Arizona court, awarding the custody of the minor to petitioner herein is binding upon the courts of this state in a proceeding of this nature. There is nothing in the record here, nor in the record of the Superior Court of San Mateo County, presented at this hearing, to show that the conduct of petitioner, Frank Marshall, since the order was entered by the Arizona court, had been such as to render him unfit to have the custody of the minor, nor is it contended that his condition or moral fitness had undergone any change whatever since the matter was adjudicated in the Arizona court. This question has been directly passed upon in *In re Wenman,* 33 Cal. App. 592 [165 Pac. 1024], which was a proceeding in *habeas corpus* brought to recover the custody of a minor child, abducted and brought from New York into this state by the mother in violation of a divorce decree entered in the state of Connecticut, awarding the custody of the child to the father. There the court says: ''The doctrine of comity between the states of the Union requires that a judgment granting a divorce and awarding the custody of a minor child rendered by a court of one state shall be conclusive in the jurisdiction of the

other states, in the absence of a showing of changed conditions affecting the welfare of the child. (*State ex rel. Nipp* v. *District Court,* 46 Mont. 425 [Ann. Cas. 1916B, 256, 128 Pac. 590].) . . . It is shown by the record before us that the minor was brought to this state by the respondent in direct violation of a decree of a court of competent jurisdiction of a sister state awarding its custody to the petitioner. The child's presence here is founded on a tort or offense against the law, and it is not made to appear that since the entry of the decree under which the petitioner is now claiming he has become an unfit or unsafe person to have the care and control of his minor child; . . . a due respect for the orderly administration of the law, and according to the doctrine of comity among sister states, requires this court to recognize the rights of the petitioner under the decree of the court of the state of Connecticut hereinbefore referred to.''

As there is nothing in the record here, nor in the record of the proceeding before the Superior Court of San Mateo County, presented to this court, showing any change in the moral fitness or condition of petitioner Frank Marshall since the order was made by the Arizona court, nor any charge made that since the entry of such order he has become an unfit or unsafe person to have the care of the minor, the case cited disposes of the question presented.

Respondents in their return allege that the child up to November 2, 1928, when she was taken by petitioner from California to Arizona, was not supported nor educated by petitioner. That in September, 1927, petitioner placed the child in the custody of Mr. and Mrs. George Bailey at Pittsburg; that in the month of October, 1927, the Baileys moved to Stockton; that in February, 1928, they moved to Crescent City; that in June, 1928, they moved to San Francisco and during all such time had the child with them in their care and custody, and that petitioner failed to compensate the Baileys for caring for the child. All of this, however, is alleged to have occurred prior to the entry of the order by the Arizona court, and having been considered by that court, its order is conclusive here. As was said in *In re Wenman, supra,* ''Some of the important matters with which the respondent charges the petitioner in her return are alleged to have existed prior to and at the time of the entry of the

decree of divorce. As to them, we think it evident that the decree is conclusive, and that this court cannot now re-examine them, for the purpose of depriving the petitioner of the custody therein awarded to him.''

Respondents urge that the decision of Honorable George H. Buck in the Superior Court of San Mateo County, upon petitioner's application therein, is, in the absence of any statement in the present application showing change of fact or circumstance since that date, *res judicata*, and binding upon this tribunal and a bar to this proceeding, citing in support of such contention, *In re Holt*, 34 Cal. App. 290 [167 Pac. 184] , *In re Frazier*, 50 Cal. App. 45 [194 Pac. 510] , and *In re Gille*, 65 Cal. App. 617 [224 Pac. 784]. These cases hold that a final adjudication on a writ of *habeas corpus* brought to determine the right of a parent or guardian to the care and custody of a minor child determines all questions necessarily involved between the same parties upon the same facts; that in all such proceedings the welfare of the child is the cardinal consideration; that the conditions which determine the welfare of the child are not permanent and often change and for this reason a judgment or decree awarding such custody is in its nature temporary and applies only to existing facts and conditions; that proceedings on *habeas corpus* to determine the right to the custody of a minor is really one of private parties contesting private rights and in such cases both principle and considerations of public policy require the application of the doctrine of estoppel to judicial proceedings, and, therefore, a former adjudication on the question of the right to the custody of a minor child, brought upon *habeas corpus,* may be pleaded as *res judicata* as to all facts existing at the time of the adjudication.

We do not question the rule announced in these cases, and agree with respondents that a former adjudication of the right to the custody of a child upon *habeas corpus* is *res judicata* as to all facts and conditions as they existed at the date of the adjudication. However, as no change is shown to have taken place in petitioner's condition or moral fitness since the date of the order and judgment of the Arizona court, and no change in petitioner's condition or moral fitness since such date was shown at the hearing in the Superior Court of San Mateo County nor passed upon by that court,

the decision of the Arizona court is *res judicata* and is controlling until such change in appellant's condition is shown.

It is therefore ordered that respondents Aileen H. Haremza and Donald Haremza forthwith deliver to petitioner Frank Marshall the minor child, Betty Nadine Anderson.