[Crim. No. 1983. Second Appellate District, Division Two.—October 3, 1930.]

In the Matter of the Application of DEAN LIVINGSTON for a Writ of Habeas Corpus.

Joe Crider, Jr., and Clarence B. Runkle for Petitioner.

William F. Adams for Respondent.

THOMPSON (IRA F.), J.—This is an application by Herbert W. Livingston, the father of Dean Livingston, a minor, for a writ of *habeas corpus*. The petitioner and Lois Livingston intermarried in September, 1918, and there was born to them during the year 1919 the son, Dean Livingston. On August 28, 1925, Lois Livingston commenced an action in the state of Wisconsin against petitioner for a divorce. She was granted a decree, on June 30, 1926, and upon stipulation of the parties the court awarded the custody of Dean Livingston, then of the age of about seven years, to the mother "subject to the supervision of the court", and with right granted to the petitioner to have the child with him each Sunday of the year, with the exception of four to be designated by the mother, and excepting also that defendant was given the custody of the child during the school vacation occurring during the holiday period each alternate year commencing with the year 1926 and each Easter school vacation in alternate years commencing in 1927, and for two weeks during the summer school vacation of every year. The decree provided further that neither parent was to take or permit anyone to take the child beyond the jurisdiction of the court without permission of the court, to be granted only after notice to the other party. On December 4, 1928, Lois Livingston removed from Wis-

consin to Los Angeles, California, bringing the boy with her in direct violation of the order of the court and without its consent or the consent of petitioner. On June 5, 1929, the Circuit Court of the County of La Crosse, Wisconsin, issued its order to the respondent Lois Livingston commanding her to appear and show cause why the decree of June 30, 1926, should not be modified by giving to the petitioner herein the sole and exclusive custody of his son, and commanding her further to produce and have the child in court at the time of the hearing on June 25, 1929. This order was personally served upon respondent in the county of Los Angeles, and in response thereto she appeared by counsel, first, specially for the purpose of objecting to the jurisdiction of the court and then generally. She did not produce the child in court, but announced through her counsel that she had no intention of returning to Wisconsin or producing her son in court. Whereupon the court made its order modifying the decree theretofore rendered and giving to the petitioner here the sole and exclusive custody and control of the child. It is this order which furnishes the basis for the contention here, as it did in the Superior Court of Los Angeles County where a former proceeding in *habeas corpus* was had resulting in the dismissal of the writ. No testimony was taken in the last-named court concerning any change of circumstances since the decree, the matter having been submitted upon exemplified copies of the proceedings in the Wisconsin court; nor is such a contention advanced here, the respondent very properly taking the position that such "should be determined only in a regular action where the facts can be produced fully before the court in the regular way".

It is first asserted by the respondent that the discharge of the writ by the superior court is binding upon the petitioner here and renders the matter *res judicata*. We are in thorough accord with the authorities upon which she relies, to wit: *In re Gille*, 65 Cal. App. 617 [224 Pac. 784], *In re Beers*, 100 Cal. App. 796 [280 Pac. 1033], and *In re Gury*, 103 Cal. App. 738 [284 Pac. 944], but those cases only decide that a final adjudication on a writ of *habeas corpus* brought for the purpose of determining the right of private parties to the custody of a minor child is conclusive of

the identical facts therein involved. Those authorities do not hold that the determination by the superior court of a pure question of law could be binding upon an appellate tribunal. The argument amounts to this, and its absurdity is apparent: that because the superior court decided that the decree of the Wisconsin court was, even in the absence of evidence of changed circumstances, not of any force or effect outside the jurisdiction of Wisconsin, we are bound thereby. The same contention was raised in *In re Marshall,* 100 Cal. App. 284 [279 Pac. 834, 836], and dismissed with this language: "However, as no change is shown to have taken place in petitioner's condition or moral fitness since the date of the order and judgment of the Arizona court, and no change in petitioner's condition or moral fitness since such date was shown at the hearing in the superior court of San Mateo county nor passed upon by that court, the decision of the Arizona court is *res adjudicata* and is controlling until such change in appellant's condition is shown."

The quotation just set forth not only answers the argument in the particular already mentioned but also indicates the rule generally prevailing that a decree of a court of one state having jurisdiction, relating to the custody of minor children is under the doctrine of comity prevailing among sister states and, subject of course to the right of the parties to show a change in the circumstances or conditions, entitled to recognition in another state. (*In re Wenman,* 33 Cal. App. 594 [165 Pac. 1024]; *In re Marshall, supra; State* v. *District Court,* 46 Mont. 425 [Ann. Cas. 1916B, 256, 128 Pac. 590].) Particular reference is made to a case note appearing in 20 A. L. R., at page 815, where the authorities are collected and where the following statement is found: "With some variation of statement, and an occasional intimation to the contrary, it is established by the great weight of authority that in the absence of fraud or want of jurisdiction, affecting its validity, a decree of divorce awarding the custody of a child of the marriage must be given full force and effect in other states as to the right to the custody of the child *at the time and under the circumstances of its rendition;* but that such a decree has no controlling effect in another state as to facts and conditions

arising subsequently to the date of the decree; and the courts of the latter state may, in proper proceedings, award the custody otherwise upon proof of matters subsequent to the decree which justify the change in the interest of the child." (Italics ours.)

▇ The Wisconsin court undoubtedly had jurisdiction of the parties to this proceeding. The petitioner submitted thereto by seeking the modification of the original decree and the respondent by entering a general appearance.

It is ordered that the respondent, Lois Livingston, forthwith deliver to the petitioner the minor child of petitioner and respondent.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was dismissed by the District Court of Appeal on October 16, 1930, and the following opinion then rendered thereon:

THE COURT.—▇ The petition for rehearing is dismissed. There is no provision of law for rehearing in this court in *habeas corpus* cases, except in certain criminal cases, of which this is not one. (*In re Zany,* 164 Cal. 724 [130 Pac. 710]; Pen. Code, sec. 1506; *In re Edwards, on Habeas Corpus,* 99 Cal. App. 541 [290 Pac. 591].)

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 30, 1930.