[Civ. No. 7130. Second Appellate District, Division Two.—March 31, 1932.]

MINA M. LUCKETT, Appellant, v. LUCILLE LA TOUR, Respondent.

272

L. G. Hayford and R. R. Sleeper for Appellant.

W. I. Gilbert for Respondent.

FRICKE, J., *pro tem.*—This is an action for the alienation of the affections of Dr. Thomas O. Luckett, to whom appellant was married in February, 1907. The parties to this marriage lived together up to some time in April, 1926, when they separated and appellant filed a divorce action on the grounds of adultery and habitual intemperance but, after a trial, a decree of divorce was denied each of the parties. Appellant's points on this appeal are limited to an attack upon the findings of fact.

Appellant contends there is no evidence to sustain the finding that "it is not true that they (appellant and Dr. Luckett) ever since (their marriage) have been and now are husband or wife". Appellant refers to the allegation upon which this finding is based as being made in the answer, when in fact the finding is to the effect that one of the allegations in the second paragraph of the complaint

is not true. Appellant further asserts that this finding is without support in the evidence. Counsel has evidently overlooked the testimony of Dr. Luckett that in 1926 he filed suit for divorce in Texas, after establishing his residence there and his testimony, received without objection: "Q. Then after you secured a divorce you and the present Mrs. Luckett were married? A. Yes." Appellant also attacks, as without support in the testimony, the finding that appellant and Dr. Luckett were divorced in Texas in November, 1927, and that in December, 1927, respondent and Dr. Luckett were duly and legally married. There is direct testimony of the marriage in December. In addition to the testimony above quoted there was received in evidence an exemplified copy of the Texas decree of divorce which the trial court admitted as an exhibit "as evidence of the state of mind" of the husband. ██ In the absence of proof to the contrary it must be presumed that the court which granted the divorce was acting in the lawful exercise of its jurisdiction and that its official duty was regularly performed. (Code Civ. Proc., sec. 1963, subds. 15 and 16.) ██ The decree of divorce recites that the defendant (the appellant here) was duly cited by publication as required by law but failed to appear and answer in the action and such recitals are conclusive of the facts unless contradicted by proof (*Estate of Pusey*, 177 Cal. 367, 374 [170 Pac. 846]), and, even had there been some proof to the contrary, and we are aware of none, there would merely have been a conflict of evidence. There was, therefore, some evidence of the divorce sufficient to sustain the finding. We might add that, if, as appellant suggests, and urged at the trial, the matter of the divorce and remarriage of Dr. Luckett was not a material issue, the finding is upon an immaterial matter and she cannot predicate a ground for reversal thereon. ██ If, on the other hand, this was a material issue, respondent is entitled to the benefit of the exemplified copy of the decree of divorce as support for the finding, freed from the limitation imposed by the trial court. ██ Appellant contends that proof of the marriage of Dr. Luckett to respondent following evidence of his marriage to appellant raised the inference that the second marriage was illegal and bigamous. Such a conclusion would not be warranted in the absence of further

evidence showing that the first marriage had not been set aside by judicial decree. Even without evidence of the divorce proof of the second marriage would raise the presumption that it was valid and the burden of proving the contrary was upon the appellant. (See *Marsh* v. *Marsh*, 79 Cal. App. 560, 567 [250 Pac. 411], and cases cited.)

The attack upon the uncertainty of the finding referring to the provision which had been made for the care of the children of the marriage of appellant and Dr. Luckett is based upon an obvious clerical error in the omission of four words and was clearly intended as a finding that an allegation in the complaint was not true, and, what is more determinative, the finding was not necessary to the trial court's decision.

Appellant argues that the second finding of fact is a finding that there was an interference by respondent in appellant's marital affairs. The point is without merit. The complaint alleged that appellant "since the time of said marriage until the interference of the defendant" enjoyed the support, protection and company of her husband and that they lived happily. The finding attacked is merely a finding in which the language of the complaint is quoted preceded by the words "but finds that it is not true". A finding on an issue must be construed as a whole, in the light of its context and the issues raised by the pleadings.

All of appellant's arguments based upon the false premise that the trial court found that there had been an interference in appellant's marital affairs are, therefore, wholly unsupported and untenable.

Appellant attacks certain findings as contrary to the uncontradicted evidence. These contentions are not attacks upon the several findings as a whole, but are the result of the selection of portions thereof, removing them from their context and qualifying phrases and clauses, and in violation of the well-settled rules as to the construction and interpretation of findings.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 28, 1932.