[Crim. No. 2537.  Second Appellate District, Division Two.—February 21, 1935.]

In the Matter of the Application of NIRAM W. DOWELL for a Writ of Habeas Corpus as to PEGGY JOAN DOWELL, a Minor.

Gwartney & Gall for Petitioner.

F. B. Mullendore and W. O. Graf for Respondent.

STEPHENS, P. J.—Niram W. Dowell, petitioner, and Charlotte L. Dowell, respondent, heretofore were husband and wife, but prior to the filing of this petition they were

divorced.   Peggy Joan Dowell, aged nine years, is the adopted child of petitioner and respondent.

The decree of divorce provided that the mother should have the care and custody of the child except that the father should have such care and custody for two consecutive months of each summer and that the father should have the privilege of visiting with the child at any reasonable time.

The mother removed to Los Angeles, California, about August, 1930, bringing said child with her and has resided there with the child ever since.   During the year 1931 the court that granted the divorce and custody decree upon the action of petitioner made an order modifying the decree and gave the exclusive custody of the child to the father.   The respondent claims that she was never served with any process concerning such hearing and that the said modification was entirely without the jurisdiction of the court making it.

In these circumstances petitioner requests us to issue our writ of *habeas corpus* to respondent and that she produce the said child and deliver it over to petitioner under such modified decree.

It will be noted that the original decree did not prohibit the removal of the child from the state issuing the decree.   We think, therefore, the act of respondent in removing the child to California was not of itself an illegal act.   The respondent and the child residing legally in California, it will be presumed that the mother is in the rightful possession of her female child of tender years and we do not understand that the writ of *habeas corpus* can be used to try an issue raised thereon.   The trial courts are open for that purpose.   If the child were in some imminent danger as to its safety, health, morals or reasonable comfort, we think the writ the proper remedy, but not otherwise in the circumstances of this cause.

With this view of the law we appointed our referee to examine into such later issue, limited to the moral and economic fitness of respondent to have the care and custody of the child, and after hearing all of the testimony on either side thereon, said referee reported to us: "There was no evidence of, and the referee finds that there is no moral or economic unfitness of the said Charlotte Gooding (respondent under her present married name) which would render her an improper person to have the custody of the child at

this time.'' This report has been accepted and adopted by this court. We have carefully examined the authorities submitted on behalf of petitioner, but we deem it of no particular value to anyone to analyze them herein as we have given our view of the matter in the body of the opinion.

The writ of *habeas corpus* is discharged.

Crail, J., concurred.