[Crim. No. 2065.  First Appellate District, Division One.—April 11, 1939.]

In the Matter of the Application of CHAS. WADE SNOOK for a Writ of Habeas Corpus of RONALD F. INMAN, a Minor.

Snook, Snook & Chase for Petitioner.

Louis R. Deadrich and Harrison F. Travers for Respondent.

TYLER, P. J.—Petition for a writ of *habeas corpus*. The petition charges that Ronald F. Inman, a minor, is unlawfully restrained of his liberty by Anna Steuble at San Leandro, County of Alameda, State of California. It is recited therein that the custody of said minor was awarded to petitioner on the 25th day of November, 1938, by order and decree of the district court of the State of Colorado; that said Anna Steuble, named in the proceedings as Anna Inman, appeared personally in said district court of Colorado when the order was made; that she obtained the custody of the person of the minor in the city of Denver through fraud and transported him to the County of Alameda, State of California, where she still retains said custody without authority of law.

The return to the writ shows that about the 29th day of February, 1928, William F. Inman, also known as Floyd Inman, and respondent were married and thereafter lived together as husband and wife; that there was born to the parties a son, Ronald F. Inman, who is now of the age of approximately five years and nine months; that in the year 1933, respondent commenced an action for divorce against William F. Inman in the district court at Denver, Colorado, and on the 3d day of November, 1933, said court made and entered its interlocutory decree of divorce, in which it was provided that respondent have the care, custody and control of their minor child, and in which provision for its support was made in the sum of $2 a week. Said interlocutory decree contained no restriction as to the removal of said child from the State of Colorado, and the final decree made none. It is charged in said return that the only contribution ever made by William F. Inman was $6 worth of groceries, and that In-

man told respondent that he never would contribute anything toward the support of her or their child.

The return further shows respondent was informed that subsequently, on the 25th day of November, 1938, said district court granted the custody of said minor to William F. Inman, but respondent denies that she appeared personally in such proceedings, it being stated in this connection that at the time of the making of such purported order, she was neither present nor did she appear by counsel; that at said time both she and the minor were in California, having established their residence here. She avers that the district court of Colorado had no jurisdiction to change the order of custody entered in the interlocutory and final decrees and that she had a right to remove said minor to the State of California; that upon the advice of counsel, however, before removing said child to this state, she procured an order therefor from the court, permitting her to so remove the child. She further alleges that she is a fit and proper person to have the care, custody and control of her minor child; that at present she is residing in San Leandro, California, with her present husband, Arthur H. Steuble, who is regularly employed and who receives a salary of $200 a month; that said Arthur H. Steuble is able to support said Ronald Inman and is ready and willing to assume full financial responsibility. It is alleged in the return that William F. Inman is not a fit and proper person to have the care and custody of the minor child. In this connection it is alleged that William F. Inman and his father importuned respondent to turn over her property to them when she was only sixteen years of age; that the father and son disposed of said property and dissipated the proceeds thereof in the purchase of pool rooms, eventually losing the whole of said property and dissipating the proceeds of the same; that at about the time the infant child was born petitioner did not contribute anything toward the support of respondent and failed to procure any medical aid or attention for her, nor did he call to see her at the hospital although he well knew that she was in a critical condition; that after leaving the hospital respondent lived with her mother outside of Denver for nine months and said petitioner herein failed to make any provision for the support of his wife and child; that by reason thereof respondent was forced to seek employment, which she obtained in Denver, Colorado, receiving ap-

proximately $12 a week. During this time, she could not have the child with her, so she placed him to board with the mother of petitioner in Denver, where she could be near him. Respondent agreed to and did pay the mother the sum of $8 a month for the support of the child, besides furnishing clothes and other necessities. She further alleged that one of the sisters of said petitioner, who formerly resided with the grandmother of the minor, is now confined in the state prison of Colorado for robbery, and respondent is informed and believes that such sister will soon be released from prison and will return to the home of her mother; that the environment in which said grandmother lives is not conducive to the best interests and welfare of the child.

It is the claim of respondent that in a case like the present one a writ of *habeas corpus* is not the proper proceeding to determine the right as between parents to the custody of the minor child where the child is in possession of the mother, and both mother and child are now residing lawfully in California (*In re Dowell*, 4 Cal. App. (2d) 688 [41 Pac. (2d) 596]; *In re Culp*, 2 Cal. App. 70 [83 Pac. 89]); that the proper method of raising such issue is by an action for that purpose by one of the parents against the other, wherein said matter can be heard on its merits, with the right to apply to the higher courts of the State of Colorado. (*Foster* v. *Foster*, 8 Cal. (2d) 719 [68 Pac. (2d) 719].)

We are of the opinion that under all of the circumstances, *habeas corpus* is not a proper remedy and that the courts of California are not bound by a decree subsequently made by the Colorado court, setting aside its order awarding the custody of the minor to the mother; that the best interests and welfare of the child are of paramount consideration. As above stated, the custody of the minor was awarded to respondent in the matter by a decree of a Colorado court, without any restriction whatever as to his removal from that state. Respondent, therefore, had the right to remove the child from the State of Colorado to the State of California. This she did in August of 1938, having previously acquired a legal residence in California. Therefore, since the respondent and the child were both at the time of the commencement of the above-entitled proceeding, legally residing and domiciled here, it will be presumed that she is in rightful possession of the child. Under such circumstances, the writ of *habeas corpus*

is not a proper proceeding as between the parents to try the issue of the custody of the child unless the child is in some imminent danger as to its safety, health, morals or reasonable comfort.

In a previous hearing in this matter, the Superior Court in and for the County of Alameda, State of Califorina, inquired as to the condition of the health, safety, welfare and reasonable comfort of the child, at which time it appeared that respondent's present husband is able and willing to assume the financial obligation of supporting the minor; that he and respondent own their own home in a good residential district; that the child has a room of his own; that he is healthy, well cared for and is content. The court on this showing dismissed the writ of *habeas corpus*.

The reason for the refusal of courts to permit matters of custody to be determined upon proceedings in *habeas corpus* is well expressed in the concurring opinion in the case of *In re Culp, supra*. ██ The child being within this jurisdiction, the courts of the state are not precluded by any judgment or order of a sister state from inquiring into and determining on their own behalf what are the best interests of the child. The decree of a sister state is never a bar to inquiry as to the best interests of a child.

██ The decree awarding custody of a minor child to either of the parties to a divorce action is final in the sense that it is not possible for the dissatisfied party to keep the courts continually occupied with suits seeking to change the former order of the court, and until some change of circumstances arises which makes a modification of the former order of custody advisable from the point of view of the welfare of the child, the court will give effect to the former order and will refuse to make any modification thereof whether the decree was made by a court of this state or of a sister state. (*Foster v. Foster, supra.*)

██ Where, as in the present case, the mother and child are residing legally in this state, it will be presumed that the mother is in the rightful possession of her child of tender years; and the right of *habeas corpus* cannot be used in the appellate courts to try an issue raised thereon, but resort should be had to the trial courts; although if the child were in imminent danger as to its safety, health, morals or reason-

able comfort, the writ would be the proper remedy. (*In re Dowell, supra.*)

As above stated, the proper method of determining such issue is by an action commenced for that purpose by one of the parties against the other, wherein said matter can be heard on its merits, with the right to apply to the higher courts of the State of California, and it appears from the record that such action, entitled "*Anna Steuble, Plaintiff,* vs. *William F. Inman, Defendant*", has heretofore been commenced by respondent in the Superior Court of Alameda County and that said action is now there pending.

For the reasons given, the writ is denied.

Knight, J., and Ward, J., concurred.