[Crim. No. 1834. Third Dist. Oct. 30, 1943.]

In re ALLAN DALE LANDRY, a Minor, on Habeas Corpus.

J. Adrian Palmquist and Nathan G. Gray for Petitioner.

Albert L. Wagner for Respondent.

PEEK, J.—Petitioner Anne Landry McWethy by her application for a writ of habeas corpus, seeks to have the custody of her twelve-year-old minor son, Allan Dale Landry, restored to her. She alleges that at the time of the divorce and separation of herself and the minor's father on December 3, 1939, said child was left with his paternal aunt and uncle (respondents herein) and has so remained in their custody; that said divorce decree, obtained in the State of Nevada, awarded her the custody of said child; that respondents now refuse to return the child to her; that a proceeding was instituted by respondents in the county of San Joaquin under section 701 of the Welfare and Institutions Code, seeking to have the minor and his younger sister declared to be abandoned children; that said petition was denied; that upon the denial thereof petitioner filed a petition for a writ of habeas corpus in the Superior Court in and for the County of San Joaquin, seeking the custody of said minor, but that said petition was dismissed on the basis that the child had expressed a desire not to be returned to his mother; that the denial of said writ was improper and contrary to the rights of the mother, and also a denial of full faith and credit in the Nevada divorce decree.

The return and amended return to the petition allege that this is not a proper court and that habeas corpus is not a proper remedy; that the proper proceeding would be by petition for letters of guardianship in the Superior Court in and for the County of San Joaquin. Respondents then proceed to set forth with particularity, facts alleged to be such as would constitute petitioner an unfit and improper person to have the custody of said minor.

To the amended return petitioner has filed both a general demurrer and an answer.

By said demurrer petitioner raises two issues, the first, as regards the sufficiency of the facts alleged to constitute a proper defense to the petition, and second, as regards the jurisdiction of this court to entertain the questions raised by virtue of the prior abandonment proceedings, which proceedings petitioner contends were decisive of the identical question placed in issue here by the amended return, and likewise that this court is without jurisdiction to hear the questions raised by respondents, for to do so would be to deny full faith and credit to the Nevada decree.

In support of petitioner's first contention it is alleged that the amended return contains mere recitals and allegations

based upon information and belief; that before this court can exercise its discretion in such a proceeding there must be a sufficient showing of a definite issue of fact.

Allegations on information and belief must be taken equally with positive allegations as stating facts admitted by petitioner's demurrer. (*Stanton* v. *Quinan*, 91 Cal. 1 [27 P. 517]; *Campbell-Kawannanakoa* v. *Campbell*, 152 Cal. 201 [92 P. 184].) Objections to a petition that essential facts appear only inferentially or as conclusions of law or by way of recitals, must be raised by special demurrer and cannot be reached by a general demurrer. (*City of Santa Barbara* v. *Eldred*, 108 Cal. 294 [41 P. 410]; *Gustafson* v. *Byers*, 105 Cal.App. 584, 586 [288 P. 111].) Admitting the material facts alleged in the amended return to be true, as petitioner must by her demurrer, it necessarily follows from the authorities cited that a sufficient case has been stated.

We find petitioner's second contention likewise to be without merit. The question before the trial court in the abandonment proceeding was entirely different from that here presented. Section 701 of the Welfare and Institutions Code sets forth the circumstances under which a juvenile court can make irrevocable orders forever terminating the custody and control of parents. Subdivision (a) of said section relates to intentional abandonment, and it was solely this question which was passed upon by the San Joaquin County court. In its memorandum decision the court said: "It is patent that the problem before the court is not one of making a wise selection between the petitioner and the children's mother. It is not a question of who can best provide for the children, nor is it a question of whether the children's affections are centered upon the mother or upon the petitioner. The whole question for determination is whether or not the children have been abandoned within the meaning of section 701, and that question must be answered in the negative." Said judgment was only conclusive of the question of abandonment, which question is not one of the issues now before this court, nor for that matter could the fitness of the mother have been placed in issue in such proceeding under subsection (a) of section 701 so as to have foreclosed this court from a consideration of the issues presented in this proceeding.

Petitioner admits that the Nevada decree added nothing to her petition in that such decree is entitled to no more consideration than as determinative of the right of custody of

the child as between the parents but, nevertheless, she contends that it is a complete answer to the allegations made by respondents that they are justified in holding the child at the request of the father. Mere mention in respondents' return that the child was left with them by his father cannot be construed to mean that their return is predicated solely upon such immaterial fact. Rather we find their case to be based upon the further and broader grounds as set forth in their amended return.

Respondents in said amended return also raise two jurisdictional questions. Neither of which was set forth in their original return, first, that habeas corpus is not a proper remedy to determine the rights to custody as between the petitioner and themselves; but even in assuming that it is, that nevertheless, the denial of a like petition in the Superior Court of San Joaquin County was a final adjudication of the present matter.

In support of the first question raised they cite the case of *In re Culp,* 2 Cal.App. 70 [83 P. 89], wherein this court dismissed a writ on the ground that habeas corpus was an inadequate and inappropriate remedy for the consideration and adjustment of the equitable and interstate questions involved. It is readily apparent that there is an obvious distinction between the situation therein presented and that set forth in the amended return now before this court. Respondents also cite the case of *In re Inman,* 32 Cal.App.2d 130 [89 P.2d 421], as further authority for their contention, but they fail to note that the cited case is of itself ample authority for the present proceeding. The court therein stated: "... resort should be had to the trial courts; although if the child were in imminent danger as to its safety, health, morals or reasonable comfort, the writ would be a proper remedy. *In re Dowell,* 4 Cal.App.2d 688 [41 P.2d 596]." A like question is directly put in issue herein by respondents' allegations.

To deny the writ under such circumstances would be in derogation of the law as previously stated in both the Inman and Dowell cases, *supra,* as well as the recent case of *In re DeLeon,* 59 Cal.App.2d 510 [139 P.2d 109], while to grant the writ would be to make a coercive order "... by which the mere legal right of petitioner may be enforced against the child's manifest inclination and reasonable choice to remain where she is." (*In re Gates,* 95 Cal. 461, 462 [30 P. 596].)

Respondents further argue that the denial of a like

petition in the Superior Court of San Joaquin County was a final adjudication of the present matter, citing the cases of *In re Holt*, 34 Cal.App. 290 [167 P. 184]; *In re Frazier*, 50 Cal.App. 45 [194 P. 510], and *In re McDaniel*, 90 Cal.App. 307 [265 P. 884]. A distinguishing fact is apparent in each of the cases cited from the question presented herein. In such cases the subsequent petition was denied by the appellate court in that it had before it a record of the proceedings in the superior court showing wherein the issues raised in the petition were directly before the trial court in the prior proceedings. In the instant case no such showing is made. The sole reference to the prior proceeding is contained in the petition, and it does not appear therefrom that any question was presented to that court relative to the fitness of any of the parties or that findings were made, but merely that the writ was denied. This court then, is presented with a situation not unlike that which was previously before us in the case of *In re White*, 49 Cal.App.2d 160 [121 P.2d 100].

The demurrer to the amended return is overruled.

It is apparent from the foregoing that sufficient cause appears for the appointment of a referee to hear and take testimony on issues of fact raised by the petition, the return, the amended return, and the traverse thereto.

It is so ordered.

Adams, P. J., and Thompson, J., concurred.