[Crim. No. 2442. First Dist., Div. Two.   Jan. 14, 1947.]

In re NORMA JEAN KYLE, a Minor, on Habeas Corpus.

Bronson, Bronson & McKinnon for Petitioner.

Fitz-Gerald Ames, Sr., and Hugh B. Miller for Respondents.

DOOLING, J. — This is a proceeding in habeas corpus brought to recover the custody of a minor child. The writ having issued, a return was made thereto by the persons detaining the child, and the matter is now before the court for decision upon a demurrer and answer to the petition.

Petitioner Robert M. Kyle and respondent Adelaide E. Kyle, now Adelaide E. Wiedrick, were married on November 3, 1928. Of the marriage two children were born, Norma Jean Kyle and Robert S. Kyle. The present controversy concerns the custody of Norma Jean Kyle, now twelve years of age.

In 1941, Robert M. Kyle filed a suit for divorce in Nevada. Adelaide Kyle appeared through an attorney and filed an answer. The action was heard on September 6, 1941, and Robert M. Kyle was granted an absolute divorce and awarded the custody of the two children. This decree has never been modified or amended.

Both petitioner and respondent have remarried under the decree, and petitioner has had the custody of the children continuously since the entry of the decree. On September 1, 1946, upon request, petitioner allowed Norma Jean to visit respondents on condition that she should be returned to petitioner about September 5. When he later returned to get the child he was refused admittance and respondents refused to return the child to him. He then filed the present petition for a writ of habeas corpus.

■ Respondents (Adelaide Wiedrick and her present husband) have filed exceptions to the sufficiency of the petition which amount to a demurrer. They first allege that as petitioner is basing his claim to custody on the Nevada decree, the petition is defective as it fails to allege that the Nevada court had jurisdiction to render the judgment and decree. However, petitioner has pleaded the judgment and decree of the Nevada court which is regular on its face. Such a judgment and decree of a court of general jurisdiction is presumed to be valid in the absence of evidence to the contrary and carries the presumption that the court had jurisdiction. (Code Civ. Proc., § 1963(16); *Estate of Wiechers,* 199 Cal. 523, 527-8 [250 P. 397]; *McHatton* v. *Rhodes,* 143 Cal. 275, 278-9 [76 P. 1036, 101 Am.St.Rep. 125]; *Collins* v. *Maude,* 144 Cal. 289, 293 [77 P. 945]; *Smith* v. *Moore Mill & Lumber Co.,* 101 Cal.App. 492, 496 [281 P. 1049]; *Luckett* v. *La Tour,* 122 Cal.App. 271, 273 [9 P.2d 886].) This is sufficient to withstand such attack by demurrer.

■ Secondly, they argue that our courts are not required, as a matter of comity, to give full faith and credit to the custoday decree of a court of a sister state, citing *Anthony* v. *Tarpley,* 45 Cal.App. 72 [187 P. 779]; *Warren* v. *Warren,* 127 Cal.App. 231 [15 P.2d 556], and *In re Culp,* 2 Cal.App. 70 [83 P. 89]. While there is language in these cases which gives colorable support to this argument it was not necessary to the decision of any of them. The rule which is binding upon us is stated in the later case of *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719], at pp. 727-8:

"This same rule that former decrees of custody may be modified only upon a showing of change of circumstances arising subsequent to the entry of the former decree applies with equal force to the question of the finality of the decree of custody of a sister state made and entered in a divorce proceeding. It has been so held in the cases of *In re Wenman,* 33 Cal.App. 592 [165 P. 1024]; *In re Marshall,* 100 Cal.App. 284 [279 P. 834]; *In re Livingston,* 108 Cal.App. 716 [292 P. 285]; *Titcomb* v. *Superior Court,* 220 Cal. 34 [29 P.2d 206]. The case of *In re Livingston, supra,* quotes with approval from *In re Marshall, supra,* and says: 'The quotation just set forth . . . indicates the rule generally prevailing that a decree of a court of one state having jurisdiction, relating to the custody of minor children is under the doctrine of comity prevailing among sister states and, subject of course to the right of the parties to show a change of circumstances or conditions, entitled to recognition in another state.' This same case also quotes with approval from a case note appearing in 20 American Law Reports at page 815, where the authorities on the subject are collected, as follows: 'With some variation of statement, and an occasional intimation to the contrary, it is established by the great weight of authority that in the absence of fraud or want of jurisdiction, affecting its validity, a decree of divorce awarding the custody of a child of the marriage must be given full force and effect in other states as to the right to the custody of the child at the time and under the circumstances of its rendition; but that such a decree has no controlling effect in another state as to facts and conditions arising subsequently to the date of the decree; and the courts of the latter state may in proper proceedings, award the custody otherwise upon proof of matters subsequent to the decree which justify the change in the interest of the child.'

"The trial court in the instant case, by an express finding, indicated that it felt itself bound by the doctrine of comity to give recognition to the decree of the South Dakota court and that in the absence of a change of circumstances and conditions affecting the welfare of the child, the decree of the South Dakota court was entitled to full faith and credit in this state. Having determined, after hearing all the evidence adduced by both parties, that there had been no change of conditions affecting the welfare of the child, the trial court in the instant case refused to modify the decree of custody of the South Dakota court, and refused to grant to appellant the sole

and exclusive custody of the minor child in contravention of the decree of the South Dakota court. It is evident that in so doing the trial court was supported by ample authority.''

Under this rule we are bound to enforce the Nevada decree for custody in the absence of some affirmative showing justifying its modification.

Thirdly, they insist that habeas corpus is not the proper remedy to determine custody in the absence of an issue as to the welfare of the child, citing *In re Dowell,* 4 Cal.App 2d 688 [41 P.2d 596]; *In re Inman,* 32 Cal.App.2d 130 [89 P.2d 421], and *In re Culp, supra,* 2 Cal.App. 70.

The three cited cases follow a consistent pattern. In each of them the mother was originally awarded custody of her child by the decree of court of a sister state, in each of them she later established a residence with her child in the State of California, and in each of them the court of original jurisdiction purported to modify its decree to take the custody of the child from the mother after her California residence with the child had been established. The validity of the modification order was questioned in each case and in *In re Culp, supra,* the court expressly held the order of modification void for want of jurisdiction. In the other two cases, without expressly passing on the validity of the order of modification, the courts held that they would not enforce by writ of habeas corpus an order of the court of a sister state made under such circumstances against a mother legally domiciled in this state. Whatever the rationale of those decisions they have no application to the facts of this case. It may be surmised that the courts were unwilling by the summary remedy of habeas corpus to take the custody of a child from a mother domiciled in this state to enable the petitioner to take the child out of the state and thereby put the mother to the expense and hardship of seeking redress in the courts of another jurisdiction when the question of custody could as well be determined in an action in the superior court of California similar to that prosecuted in *Foster* v. *Foster, supra,* 8 Cal.2d 719. That this is the basis of these decisions is suggested by the following language found in *In re Dowell, supra,* 4 Cal.App.2d 688, 689:

"The respondent and the child residing legally in California, it will be presumed that the mother is in the rightful possession of her female child of tender years and we do not understand that the writ of *habeas corpus* can be used to try an issue thereon. The trial courts are open for that purpose.''

It may further be noted that in · each of these cases the attempt was to take the child from a mother who had legally had custody of the child for an extended period of time.

In these respects our case is the exact converse. Here both parties and the child reside in California. Here the father had custody for five years under the Nevada decree. The respondent mother, rather than go through the orderly processes to determine if there should be a change in the existing custody (*Foster* v. *Foster, supra,* 8 Cal.2d 719) has extrajudicially attempted to decide that question for herself. By refusing to return the child after a short permissive visit she seeks to avoid her burden of showing that the custody order should be modified and to force petitioner, to whom the custody has once been awarded, again to prove that he is entitled to the custody of his · child. In such a situation the petitioner is entitled to rely upon his decree for custody without alleging that the child is in some imminent danger as to her safety, health, morals or welfare. (*In re Wenman,* 33 Cal.App. 592 [165 P. 1024]; *In re Marshall,* 100 Cal.App. 284 [279 P. 834]; *In re Livingston,* 108 Cal.App. 716 [292 P. 285].)

Respondents claim that the three cases last cited are old cases which no longer represent the rule in California. They were all cited with approval in *Foster* v. *Foster, supra,* 8 Cal. 2d 719, 727.

■ Finally, in support of their demurrer respondents urge that the petition is defective in not alleging that the child is unlawfully imprisoned or restrained of her liberty. (Pen. Code, §§ 1473, 1474.) The allegations showing that petitioner has been awarded the custody of his child and that she is being held by respondents in violation of that order are sufficient to satisfy these requirements. (13 Cal.Jur. 252.)

For the reasons stated the exceptions to the petition are overruled.

Turning to the return to the petition we find that respondents do not purport to raise any question as to the best interests of the minor child. Thus no such question as that presented in *In re Landry,* 61 Cal.App.2d 230 [142 P.2d 432] is here presented. Instead, respondents content themselves with an attack upon the jurisdiction of the Nevada court which rendered the custody decree here in question. ■ By remarrying in reliance upon that decree the respondent · mother has estopped herself to raise any question involving the jurisdiction of the Nevada court, at least insofar as its jurisdic-

tion to sever the ties of matrimony between the parties is concerned. (*Kelsey* v. *Miller*, 203 Cal. 61 [263 P. 200]; *Bruguiere* v. *Bruguiere*, 172 Cal. 199 [155 P. 988, Ann.Cas. 1917E 122].) She is thus estopped to deny that the petitioner had a bona fide domicile in Nevada sufficient to support the jurisdiction of the Nevada court to grant a decree of divorce, and to attack the jurisdiction of the Nevada court to sever the bonds of matrimony because of any fraud practiced upon her by the petitioner. Her attack upon the decree must be limited to those matters having to do only with the jurisdiction of the Nevada court to make a binding order as to the custody of the children. Directed to this limited question, as to which we may assume, without deciding, that no estoppel exists, only two allegations of the return need be noticed.

It is alleged in the return: "that at the time the complaint for said divorce was filed and at the time the decree. was entered, the minor children of the parties, including Norma Jean Kyle were not living with petitioner in the County wherein said divorce complaint was filed and wherein said decree was entered." Since the decree carries the presumption of jurisdiction (cases cited to this point *supra*) it is incumbent upon respondents to allege facts sufficient to show affirmatively a want of jurisdiction of the person of Norma Jean in the Nevada court. The allegation above quoted is not sufficient for this purpose. It is a perfect example of a negative pregnant in affirmative form. If Norma Jean was domiciled in Nevada at the time the decree was entered that clearly would be sufficient to give the Nevada court jurisdiction to award her custody to petitioner. The allegation that she was not living with petitioner in the county wherein the complaint was filed and the decree entered is not a denial that she was living in that county, but only a denial that she was living *with petitioner* in that county. (21 Cal.Jur. 153-155.) The burden is on the party alleging want of jurisdiction and that burden is not met by such an evasive allegation. (15 Cal. Jur. 40.) If the minor was actually not living in Nevada, but in California for example, the fact could and should have been unequivocally alleged.

The only other allegation which needs to be noticed is that petitioner fraudulently represented to respondent mother that he would give her the custody of the child whenever she was in a position to care for her. This might be ground for modifying the decree and the superior court is open to respondent for that purpose under *Foster* v. *Foster,*

*supra,* 8 Cal.2d 719. It does not go to the jurisdiction of the court to enter the original decree.

An affidavit of the child has been filed in which she states that she prefers to live with respondents. It is argued: That the wishes of the child, although under fourteen, are properly to be considered in making an award of custody. (*In re Christal,* 141 Cal. 523 [75 P. 103]; *In re De Leon,* 59 Cal.App.2d 510 [139 P.2d 109]; § 1406 Prob. Code.) The wishes of the child might well be a consideration in a proceeding to change custody in the superior court, but we are only concerned here with the enforcement by one parent resident of California against another parent likewise residing in California of an existing and unmodified custody decree. It is also argued that the court will not make a "coercive order" in habeas corpus. (*In re Gates,* 95 Cal. 461 [30 P. 596]; *In re De Leon, supra,* 59 Cal.App.2d 510.) The rule is a qualified one only. See *In re Mathews,* 176 Cal. 156 [167 P. 873], where the court said, referring to *In re Gates, supra,* at page 158, in enforcing an order for custody by habeas corpus: "If it be sound doctrine that a court or judge may, on *habeas corpus,* disregard an established right which would control the judgment in any other form of proceeding, we are nevertheless satisfied that the rule can have no just application here."

We wish to be understood as going no further in this decision than to hold that as between two parents, both resident in California, the parent who has the custody of a minor child under fourteen years of age, under a valid decree of another state, may enforce his right of custody so given against the other parent who has had the child for a temporary visit and refuses to return her, in the absence of allegation supported by proof that the welfare of the child will be thereby jeopardized. The mother is not foreclosed by this decision from proceeding in the superior court for an order giving to her the custody of her child upon any legal ground that she may have after first restoring custody of the child to the father. A due regard for orderly procedure requires that this court should enforce the petitioner's established right to the custody of his child.

Respondents are ordered to deliver the minor, Norma Jean Kyle, to petitioner.

Nourse, P. J., and Goodell, J., concurred.