[Crim. No. 2507. First Dist., Div. One. Nov. 12, 1947.]

In re ALBERT C. BAUMAN, on Behalf of ARLETTA JANE BAUMAN, a Minor, on Habeas Corpus.

Felton L. Watson for Petitioner.

Hoey & Hoey for Respondent.

PETERS, P. J.—Petitioner by this proceeding in habeas corpus seeks to secure the custody of his daughter, aged 8, the child now being in the custody of his divorced wife, who has remarried, and is now residing in Contra Costa County. It is quite clear, and no contention is made to the contrary, that habeas corpus is a proper means of determining rights of custody to minor children. (See cases collected 13 Cal.Jur. p. 251, § 29.)

From the petition, the return, and the documents filed by stipulation, the following facts appear: Albert and Pauline Bauman were finally divorced in Oklahoma in 1944. By that

judgment it was provided that each parent should have alternate fixed periods of custody of the child. In May, 1947, the father petitioned the Oklahoma court to modify the divorce decree by granting him exclusive custody of the child on the ground that the mother was not a fit and proper person to have such custody. This petition came before the Oklahoma court for hearing on June 19, 1947. The order signed by the judge on that date recites that both the mother and father were then present in court, and were represented by counsel; that the court continued the hearing to a stated date in September; that the father called attention to the fact that the mother was then living in California and was about to leave the jurisdiction with the child, and demanded that she be put under bond to appear with the child in September. The court thereupon ordered that before the child could be taken from the jurisdiction the mother must post a $250 bond. The petition for a writ of habeas corpus recites, and this allegation is not denied, that the mother thereupon left Oklahoma with the child and came to California, without posting the required bond.

The next order of the Oklahoma court is dated September 11, 1947, to which date the modification proceeding had been continued. That order recites that the mother was in court on June 19, 1947, to contest the father's petition for modification of the custody order; that the court on that date made its order requiring the mother to post a bond providing for the return of the child for this hearing; that the mother, in disregard of the orders of the court, left Oklahoma and brought the child to California without posting the required bond; that the mother is not a fit and proper person to have custody of the child. The order grants the father, petitioner herein, ''full and complete custody of [the] minor child . . . and [he] is authorized to legally proceed to take custody of said child wherever he may find her.''

Before discussing certain allegations of the return, the general law applicable to this type of situation should be stated. It is quite apparent that the Oklahoma court had jurisdiction of the parties and subject matter in the modification proceeding. That being so, the order of the Oklahoma court, as of the date it speaks—September 11, 1947—is entitled to full faith and credit, and is *res judicata* of the rights of the parties as of that date. This court cannot go behind the Oklahoma decree. That decree is just as binding on this court as if it had been rendered by a court in this state. The only ground

upon which the mother can prevail is upon a showing that since the date of the Oklahoma order there has been changed circumstances warranting a modification of the custody order. These principles have recently been discussed at length in the case of *In re Kyle,* 77 Cal.App.2d 634 [176 P.2d 96]. There, as here, the father had a decree of a sister state granting him custody of the children. The father allowed one of the children to visit her mother in California. The mother refused to return the child to the father and a petition for habeas corpus was filed by the father. The court quoted the applicable rules as follows (p. 636):

"The rule which is binding upon us is stated in the later case of *Foster* v. *Foster,* 8 Cal.2d 719 [68 P.2d 719], at pp. 727-8:

"' 'This same rule that former decrees of custody may be modified only upon a showing of change of circumstances arising subsequent to the entry of the former decree applies with equal force to the question of the finality of the decree of custody of a sister state made and entered in a divorce proceeding. It has been so held in the cases of *In re Wenman,* 33 Cal.App. 592 [165 P. 1024]; *In re Marshall,* 100 Cal.App. 284 [279 P. 834]; *In re Livingston,* 108 Cal.App. 716 [292 P. 285]; *Titcomb* v. *Superior Court,* 220 Cal. 34 [29 P.2d 206]. The case of *In re Livingston, supra,* quotes with approval from *In re Marshall, supra,* and says: "The quotation just set forth . . . indicates the rule generally prevailing that a decree of a court of one state having jurisdiction, relating to the custody of minor children is under the doctrine of comity prevailing among sister states and, subject of course to the right of the parties to show a change of circumstances or conditions, entitled to recognition in another state." This same case also quotes with approval from a case note appearing in 20 American Law Reports at page 815, where the authorities on the subject are collected, as follows: "With some variation of statement, and an occasional intimation to the contrary, it is established by the great weight of authority that in the absence of fraud or want of jurisdiction, affecting its validity, a decree of divorce awarding the custody of a child of the marriage must be given full force and effect in other states as to the right to the custody of the child at the time and under the circumstances of its rendition; but that such a decree has no controlling effect in another state as to facts and conditions arising subsequently to the date of the decree; and the courts of the latter state may in proper pro-

ceedings, award the custody otherwise upon proof of matters subsequent to the decree which justify the change in the interest of the child.''

'' 'The trial court in the instant case, by an express finding, indicated that it felt itself bound by the doctrine of comity to give recognition to the decree of the South Dakota court and that in the absence of a change of circumstances and conditions affecting the welfare of the child, the decree of the South Dakota court was entitled to full faith and credit in this state. Having determined, after hearing all the evidence adduced by both parties, that there had been no change of conditions affecting the welfare of the child, the trial court in the instant case refused to modify the decree of custody of the South Dakota court, and refused to grant to appellant the sole and exclusive custody of the minor child in contravention of the decree of the South Dakota court. It is evident that in so doing the trial court was supported by ample authority.'

''Under this rule we are bound to enforce the Nevada decree for custody in the absence of some affirmative showing justifying its modification.''

There is no direct allegation in the return that any changed circumstances have occurred since September 11, 1947. It was admitted on the oral argument that in June and September, 1947, the mother was then married to her present husband and was living in California, so there has been no changed circumstance in this respect. The attorney for the mother then admitted that he had no evidence that the condition of the father had in any way changed since the date of the Oklahoma order. He did contend that even if the mother was an unfit person to have custody in September, 1947, that now in November, 1947, two months later, she is a fit and proper person. ■ The return seeks to collaterally attack the orders of the Oklahoma court of June 19th and September 11, 1947. It is averred that the mother was in court on June 19th, and that the judge in chambers told her that she could take the child to California, and that she had no notice of the order to post a bond. These allegations are directly contradicted by the recitations in the order. The order may not be attacked in this fashion.

■ It is quite apparent in this habeas corpus proceeding that, under the rules heretofore announced, there being no

proof or allegation of any changed circumstances since September 11, 1947, the custody of the child must be returned to the father. ■ Certainly, the "changed circumstances" required by the rule cannot be that the mother has improperly and in violation of a court order removed the child to another state. As was pointed out in the Kyle case, the mother is not without remedy. ■ She may attempt to secure a modification of the Oklahoma decree, or may proceed by guardianship proceedings here. But the unlawful condition that she has created must be rectified before she is entitled to any relief.

■ It appears from the petition for a writ of habeas corpus that the mother has instituted guardianship proceedings in Contra Costa County. These proceedings were stayed by this court to await the determination of this habeas corpus proceeding. That stay order is terminated. The mother, after first complying with the order of this court to restore the custody of the child to the father, if she has any evidence of changed circumstances, may proceed to offer such evidence to that court. That court has full powers to make its own orders for temporary custody and may fully investigate the question of changed circumstances, if any. (Prob. Code, § 1440-1442).

The stay order in No. 14,405 now pending in the Superior Court of Contra Costa County is terminated and Pauline Bauman Whitford is ordered and directed to deliver custody of the minor Arletta Jane Bauman to Albert C. Bauman, the petitioner.

Ward, J., and Bray, J., concurred.