[Crim. No. 4147.   Second Dist., Div. One.   June 12, 1947.]

In re GRACIE ANN MEMMI, a Minor, etc., on Habeas Corpus.

Allan L. Leonard for Petitioner.

Thompson & Thompson and Raymond G. Thompson for Respondent.

WHITE, J. — This is a proceeding in habeas corpus brought to recover the custody of a minor child of petitioner and respondent allegedly at present unlawfully detained by the latter. The writ having issued, a return was made thereto by respondent who has possession of the child and the matter is now before us to determine as between petitioner and respondent, the right to the custody of said minor, Gracie Ann Memmi.

The history of the case as disclosed by the record is that petitioner Joseph Memmi and respondent Marion B. Whittaker (formerly Marion B. Memmi) were married to each other February 22, 1941, and the above-named minor child, now five years of age, was born as the issue of said marriage.

It further appears that in a habeas corpus proceeding instituted by petitioner in the Supreme Court of the State of New York, county of Erie, directed to respondent herein, she made a return thereto, and the court having taken evidence made its order on December 23, 1943, sustaining said writ of habeas corpus. In said proceeding the court found "that the best interests and welfare of said infant (the minor child herein) require that the petitioner (petitioner herein) should have the care, custody and control of her, the said Gracie Ann Memmi, and that the said Joseph Memmi is entitled to the care, custody and control of the said Gracie Ann Memmi." Based upon these findings, the New York court made its order that respondent herein "forthwith surrender the custody" of said minor child to the petitioner, Joseph Memmi. On the following day, Decemeber 24, 1943, the order was served upon respondent's attorney. The sheriff of Erie County, New York, attempted to make personal service of said order on respondent herein, but without success. In January, 1944, respondent and the minor child removed to Pasadena, California, where the child has since been domiciled. In March, 1944, respondent returned to Buffalo, New York, to answer an indictment returned against her on an unrelated matter, and on March 22, was personally served at Buffalo, New York, with a copy of the aforesaid order of December 23, directing her to deliver said minor child to petitioner.

Because of respondent's failure to comply with such order the New York court on April 11, 1944, issued an order to show cause directed to respondent herein to show cause why she should not be adjudged in contempt of court and punished accordingly. Due service of such order to show cause was

made personally upon respondent herein and after a hearing upon such order on May 22, the court adjudged her in contempt and imposed upon her a fine of $150, and ordered her committed to jail "until she surrendered the custody of said Gracie Ann Memmi, infant, to Joseph Memmi, petitioner."

The record further reveals that respondent mother herein commenced an action in the courts of the State of New York against petitioner father herein for annulment, and that the latter commenced an action for divorce against respondent mother. On June 20, 1944, the New York court consolidated said actions for trial. On June 26, the court dismissed respondent's annulment proceeding "on the merits" and awarded petitioner herein a judgment of divorce from respondent, and awarded to petitioner herein the custory of the minor child Gracie Ann Memmi.

While respondent mother was not personally present at the aforesaid trial, she was represented thereat by counsel.

No further proceedings were had until petitioner herein filed a petition for a writ of habeas corpus in the Superior Court of Los Angeles County, seeking thereby to obtain the custody from respondent of said minor child. The writ issued and came on for hearing before the Superior Court of Los Angeles County on April 3, 1947, at which time petitioner, respondent, and the child were present in court, petitioner and respondent being represented by counsel. Following the taking of testimony which included documentary evidence of the aforesaid proceedings in the New York court the Superior Court of Los Angeles County made its order as follows: "Petition is denied; joint custody of the child is awarded to the mother and the grandmother of the child. The child is not to be removed from her present locale without an Order of Court permitting it having been first obtained and notice having been given to the father; respondent is to cease calling the child Whittaker and the name on the school record is ordered changed to Memmi. Father is to be allowed to see the child at all reasonable times. Neither party is to remove the child from the County of Los Angeles without an order of the Court first obtained.

"Execution of this order is stayed for fifteen days pending appeal. The child is to remain with the mother during this time."

In the proceeding now engaging our attention petitioner earnestly insists that due respect for the orderly administra-

tion of the law, and recognition of the doctrine of comity prevailing among sister states require this court to uphold the rights of petitioner under the two foregoing awards of custody made in the courts of the State of New York.

Respondent, on the contrary, asserts that both she and the minor child have been residents of the city of Pasadena, county of Los Angeles, California, since January, 1944, and that since said date the child has not been in the State of New York. That respondent was not present at the divorce proceedings in New York and that the court did not "hear evidence on her behalf concerning her fitness to have custody of said minor child nor petitioner Joseph Memmi's lack of fitness for such custody." But it should be remembered that while respondent was not personally present in the New York court she had submitted herself to the jurisdiction of that court and was represented by counsel, not only at the divorce and annulment proceedings but at the hearing on the habeas corpus proceedings on December 23, 1943, and that her attorney was served with a copy of the order made in the habeas corpus proceeding awarding custody to petitioner herein on December 24, 1943, at which time both respondent and the minor child were in the State of New York. Respondent was also personally served with a copy of the foregoing order when she returned to New York on March 22, 1944.

Respondent further contends that since the judgment of June 26, 1944, awarding custody of the minor child to petitioner herein there have been changes in the circumstances and conditions affecting the welfare of the child, concerning which evidence was introduced in the hearing before the Superior Court of Los Angeles County. Except for the fact that petitioner herein has remarried and is now a resident of Washington, D. C., none of the claimed changed circumstances have occurred since the rendition of the decrees of the Supreme Court of New York. There is no mention in the aforesaid order of the Superior Court of Los Angeles County, nor is there anything in the record before us to show that the conduct of petitioner since the orders were entered by the New York court has been such as to render him unfit to have the custody of the minor child, nor is there any showing of changed conditions affecting the welfare of the child. The most important and serious matters with which respondent charges petitioner in her return are alleged to have existed or occurred prior to and at the time of the

entry of the decree of divorce in New York. Manifestly as to them the decrees of the New York court are conclusive, and we are not authorized to now reexamine them for the purpose of depriving petitioner of the custody awarded him by such decrees. Furthermore, the record before us shows that the child was brought to California by respondent in defiance of the decree of a sister state, awarding its custody to petitioner.

In the absence of any showing that since the entry of the decree under which petitioner was granted custody of the child he has become an unfit or unsafe person to have the care and control of his minor child, or that changed circumstances affecting the welfare of the child have arisen, we are persuaded that due respect for the orderly administration of the law and recognition of the doctrine of comity among sister states require us to recognize the right of petitioner under the decree of the aforesaid court of the State of New York to the custody of said minor. (*In re Wenman,* 33 Cal.App. 592, 593, 594, 595 [165 P. 1024]; *In re Marshall,* 100 Cal.App. 284, 286, 287 [279 P. 834]; *In re Kyle,* 77 Cal.App.2d 634, 636, 637, 638 [176 P.2d 96].)

Respondent's contention that the decision of the Superior Court of Los Angeles County upon petitioner's habeas corpus application therein, is, in the absence of any statement in the instant application, showing change of fact or circumstances since that date, res adjudicata, binding upon this court, and a bar to this proceeding is determined adversely to respondent in the case of *In re Marshall, supra,* page 288. Here, as in the case just cited, no change is shown to have occurred relative to petitioner's condition or moral fitness since the date of the entry of the decree of the aforesaid New York court, nor does the order of the superior court show that any such change in petitioner's condition or moral fitness since such date was made to appear at the superior court hearing, or that any showing of changed conditions affecting the welfare of the child was made at such hearing or passed upon by the court. Therefore, the decision of the New York court must be held res adjudicata until such change in petitioner's condition, or in circumstances affecting the welfare of the child is shown.

We must not be understood as holding that on principles of comity the decree of the New York court was entitled under any and all conditions to full faith and credit in the courts of this state upon the ground that the New York

decree was res adjudicata, and could not therefore be changed. Ordinarily, when a minor child is within this jurisdiction, the courts of this state are empowered, notwithstanding a judgment, decree or order of the courts of a sister state, to inquire into and determine in their own behalf what are for the best interests and what will best promote the welfare of a minor child. ■ An award of custody of a minor child of divorced parents to either party in a divorce proceeding has no permanent finality, and is later subject to change and modification by the court wherein it was made. This rule is applicable not only to orders made by California courts, but to such former orders of courts in other states (*Foster* v. *Foster,* 8 Cal.2d 719, 726 [68 P.2d 719]).

■ In the instant case we are not confronted with a case wherein respondent mother had legal custody of the child in California for the extended period from January, 1944, to date, but are faced with a situation wherein the minor child was brought into this state in defiance of a decree of a court of competent jurisdiction of a sister state, awarding its custody to petitioner herein. In such a situation we hold that petitioner herein is entitled to rely upon his decree for custody until respondent mother by allegations and proof establishes that the welfare and best interests of the minor child will be jeopardized by continuing such custody in the petitioner. There is no such showing contained in the record before us, and, as heretofore pointed out, the order made by the Superior Court of Los Angeles County contains no such finding.

After first restoring custody of the child to the father, respondent mother is not precluded by this decision to assert in the superior court any legal ground she may have for an order giving to her the custody of the child or to otherwise modify the decree of the New York court so as to conserve the best interest and welfare of the child. But under the record before us, "a due respect for the orderly administration of the law and according to the doctrine of comity among sister states requires this court to recognize the right of the petitioner" (*In re Wenman, supra,* p. 594), under the decree of the court of the State of New York hereinbefore referred to.

Respondent is ordered to deliver the minor, Gracie Ann Memmi, to petitioner.

York, P. J., and Doran, J., concurred.