[Civ. No. 16497. Second Dist., Div. Two. Oct. 6, 1948.]

Guardianship of the Person and Estate of KATHLEEN SIMPSON et al., Minors. LENORE KOEBRICH, Appellant, v. DONALD HERBERT SIMPSON, Respondent.

Fred M. Riedman for Appellant.

W. Peter McAtee for Respondent.

McCOMB, J.—From a judgment after trial before the court without a jury refusing to grant petitioner, Lenore Koebrich, the custody of Donald Lake Simpson, the minor child of petitioner and Donald Herbert Simpson, she appeals.

### CHRONOLOGY

In September of 1941, petitioner and Donald Herbert Simpson, contestant, were divorced in the State of New Mexico. There were two children, issue of such marriage, Kathleen Simpson and Donald Lake Simpson. The decree awarded the custody of the children to petitioner with the right in Mr. Simpson to have them over weekends and during holidays and school vacation periods. Petitioner then moved to the State of Arizona.

Mr. Simpson peaceably secured possession of his son in Arizona and took him back to the State of New Mexico, and thereafter on June 23, 1943, after a hearing at which petitioner (Mrs. Simpson) was represented, obtained an order of the court in New Mexico awarding him the complete care and custody of his son until the further order of the court.

On November 9, 1943, petitioner kidnapped the minor son of the parties and took him from the State of New Mexico to the State of Arizona. On February 25, 1944, she obtained an order from the superior court of the State of Arizona awarding her the custody of Donald Lake Simpson. On October 4, 1946, the Arizona court vacated its order awarding the custody of said son to petitioner and held petitioner in contempt of court, finding that she had fled from the jurisdiction of the court and concealed her whereabouts in order to prevent Mr. Simpson from exercising his right of visiting his son in accordance with the court's order.

Thereafter petitioner brought her son to the State of California and filed an application to be appointed his guardian, requesting that his custody be awarded to her. This the trial judge refused to do on the ground that the courts of California should give full faith and credit to the prior decree of the New Mexico court awarding the custody of the child to Mr. Simpson.

## QUESTION

■ *When there is a valid divorce decree fixing the custody of a child by a sister state, will the courts of California give full force and effect to such decree when the child is not domiciled in, but is temporarily sojourning in the State of California?*

This question must be answered in the affirmative. The full faith and credit clause of the federal Constitution precludes the courts of California from awarding to a mother the custody of a child who is not domiciled here when there is in existence a valid order of a court of a sister state awarding the custody of such child to its father. (*Foster* v. *Foster*, 8 Cal.2d 719, 727 et seq. [68 P.2d 719] ; *Chapman* v. *Walker*, 144 Okla. 83 [289 P. 740, 741] ; *State* v. *Superior Court for Jefferson County*, 25 Wn.2d 125 [169 P.2d 626, 628] ; *McMillin* v. *McMillin*, 114 Colo. 247 [158 P.2d 444, 445, 160 A.L.R. 396] ; *Jones* v. *McCloud*, 19 Wn.2d 314 [142 P.2d 397, 401].)

From the facts in the instant case, it is clear that Donald Lake Simpson was not domiciled in the State of California at the time the present petition was filed, but had been brought here wrongfully by petitioner for the purpose of avoiding and circumventing the decree of the New Mexico court. Therefore, under the rule above stated, the courts of California are bound to give full faith and credit to the decree

of the New Mexico court awarding custody of the minor child to his father, and the trial judge in the instant case properly declined to entertain jurisdiction of the matter for the purpose of changing the order awarding custody of said child.

*Foster* v. *Foster*, 8 Cal.2d 719 [68 P.2d 719], insofar as it is relied on to support petitioner's contention, is inapplicable to the present case for the reason that the minor child involved in such case was brought into the State of California legally and was domiciled here. Such are not the facts in the case at bar, as the minor was not domiciled in California.

For the reasons above stated the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.