[Civ. No. 19345. Second Dist., Div. Two. Oct. 19, 1953.]

MYRTIS TRIMBLE STOUT, Respondent, v. WILLIAM MITCHELL PATE, Appellant.

A. Walton Nall, McBain & Morgan and Angus C. McBain for Appellant.

Sander L. Johnson for Respondent.

MOORE, P. J.—The question here for decision is whether a California court may adjudge the custody and maintenance of minor children despite their previous custodial adjudication by the courts of a sister state.

In March, 1948, respondent was awarded a decree of divorce by the Superior Court of DeKalb County, Georgia. Also, it was thereby adjudged that she have custody of the two infants, then of the ages of 5 and 2 years. That decree was by the same court modified in December, 1949, to the mutual satisfaction of the parties, dividing custodial time between the parents. Subsequent to the divorce decree, respondent remarried and since May 15, 1950, she and her two children have resided in California with the new husband. On July 11, 1951, she instituted this action alleging that conditions and circumstances affecting the children had changed after December, 1949; that it is to the best interests and welfare of the said children that plaintiff be granted sole care, custody and control of them, and asked for judgment accordingly.

Immediately upon learning of the new action, appellant came swiftly from his Georgia home to Los Angeles where he arrived on July 16, 1951. After holding converse with his former spouse concerning the claims made in her complaint, appellant took the children for a ride and rode on back to DeKalb County. Thereupon, respondent visited her erstwhile home where on August 9, 1951, she caused a writ of habeas corpus to be issued by the same superior court for the purpose of obtaining a judicial determination of her right to legal custody of the children. While the proceeding was pending respondent gained their physical custody and, without the consent of their father, returned them to California. Her efforts to dismiss the proceeding she had last commenced was without avail.* However, on her return to California, September 25, 1951, she filed her amended complaint and at once commenced the publication of her summons therein. On October 26th, ap-

---

*The Georgia court not only denied her motion but retained jurisdiction and, just before the trial of the instant cause in the court below, made its judgment enjoining respondent from proceeding with her California action.

pellant filed his answer pleading specially "as a bar and in abatement" the Georgia divorce decree and its modification and the pendency of the habeas corpus proceedings in the Superior Court of DeKalb County. Also, he demanded custody of the children.

After a trial, the quizzing of many witnesses concerning the character and background of respondent and her husband, Mr. Stout, and the facts about his income and their home, on May 27, 1952, the court found it to be to the best interest and welfare of the said children that plaintiff be granted care, custody and control of them and that the payment of $50 monthly for the support of each child is reasonable and judgment was entered accordingly.

■ Appellant now contends that the court below had no jurisdiction to make such judgment and in this behalf he asserts that where jurisdiction is taken over a subject matter and of the persons to a controversy by courts of coordinate jurisdiction, priority is determined by the date of service of process; that therefore it was prejudicial error for the court below to conduct a trial during the pendency of the habeas corpus proceeding in Georgia. While the contention of appellant is based upon a sound principle of law, it is not applicable to the circumstances here involved. Appellant is a party hereto, having filed his answer. Thereafter he duly participated in the various stages of the action. The court, accordingly, had jurisdiction of his person. (*Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361]; *Zobel* v. *Zobel*, 151 Cal. 98 [90 P. 191].) Also, the court had jurisdiction over his children because they were residing with respondent, a resident of California. (*Sampsell* v. *Superior Court*, 32 Cal.2d 763, 779 [197 P.2d 739].) The court could not have been defeated of jurisdiction by any number of previous judicial awards of their custody. They were within California and by the petition of their resident mother they were properly before the court. Because they were children of tender years, it was the court's duty to protect their interests, determine their custodian and conserve their welfare. (*Titcomb* v. *Superior Court*, 220 Cal. 34, 39 [29 P.2d 206].) ■ When children, who have resided in another state where judicial inquiry has been made into their status and where orders have been made respecting them, move into California, "they are subject to the supervisory jurisdiction and guardianship of this state to be exercised for their protection." The power to

make such inquiry is inherent. (*Ibid.*) When a child is within California the courts are independent of all judgments of sister states to investigate and determine what are the best interests of the child. (*Foster* v. *Foster*, 8 Cal.2d 719, 726 [68 P.2d 719].) And such order of a California court cannot be challenged upon the ground that a prior decree of another jurisdiction providing for the custody and support of the child was res judicata. (*Ibid.*) There is no permanent finality to a custodial award. Out of their very nature they are subject to modification when the status and condition of the minor require intervention and, as shown above, they are subject to modification or annulment in any state having jurisdiction of the subject matter. (*Sampsell* v. *Superior Court, supra.*) The existence of a prior, valid decree of another state, fixing the custody and providing for the maintenance of minor children, is not a bar to such proceeding in California when the dependents are within the confines of this state. (*In re Kosh*, 105 Cal.App.2d 418, 421 [233 P.2d 598].) The foregoing is emphasized by the fact that when respondent returned from Georgia with her children and filed her amended complaint, no court of that state had enjoined her from proceeding with this action or had issued any decree or order determining it would be for the best welfare of the children that their father should have their care, custody and control. (See *Sampsell* v. *Superior Court, supra*; *Titcomb* v. *Superior Court, supra.*)

Appellant contends that "when the case at bar proceeded to trial, plaintiff was under order of the Georgia court restraining her from proceeding with the California case." The record does not bear out such contention. While appellant filed his answer herein on November 26, 1951, he did not obtain his restraining order against respondent's proceeding with this action until May 2, 1952, and did not serve it until three days thereafter. On the 27th of May, the court below, despite a request and its own jurisdiction to do so, declined to order a restraint upon appellant's prosecuting the habeas corpus proceeding in Georgia. The issuance of the injunction in our sister state against respondent's attempting to compel appellant to feed his children in California violated her rights to due process. (U.S. Const. Amd'ts Five and Fourteen; 5 Cal.Jur. 856-858, 861-868.) The welfare of dependent children is paramount and courts of California may investigate and determine what are their best interests and what will

best promote their welfare, notwithstanding any judgment or order of the court of a sister state. (*Dotsch* v. *Grimes,* 75 Cal. App.2d 418, 419 [171 P.2d 506].) The soundness of the foregoing readily appears from Professor Stansbury's article on "*Custody and Maintenance Law Across State Lines*" in 10 Law and Contemporary Problems 819, 831. The learned author concludes that the court of any state that has a substantial interest in the welfare of a child has jurisdiction to determine its custody; such jurisdiction may exist in two or more states at the same time; a judicial determination of custody in one state is not binding on the courts of a second state. Also, Professor Stansbury's article and that of Professor Stumberg, to wit, "*The Status of Children in the Conflict of Laws*" (8 Univ. of Chicago L. Rev. 42), concur in the conclusion that judicial control of such matters can best be fulfilled at the actual residence of the child as distinguished from mere domicile.

In view of the foregoing, it is not inappropriate to amend the findings as authorized by rule 23 of Rules on Appeal by inserting a finding to the effect that the Georgia proceedings pleaded in the defendant's answer are not a bar to the jurisdiction of this court to determine the rights of the parties concerning care, custody and control of the said minor children and what might be to their best interests and welfare.

Of course, nothing declared above is intended to be an abandonment of the practice that if, in any case it should appear that the circumstances of a prior order in a sister state have not changed, or if it is necessary in order to prevent a multiplicity of actions and avoid vexation and harassment of the defendant, the courts of California, under the doctrine of comity, will in the exercise of discretion stay a proceeding or refuse to change custody.

It is therefore ordered that the findings herein be modified by adding thereto finding VI as follows:

That there is now subsisting in the Superior Court of DeKalb County, State of Georgia, a proceeding in habeas corpus, the purpose of which is to determine the right to the custody of the said minor children.

It is further ordered that paragraph VI be added to the conclusions, to wit:

That neither the previous nor the current proceedings in the State of Georgia are a bar to the jurisdiction of this court to determine the rights of the parties concerning care, custody

and control of the said minor children and what may be to their best interests and welfare.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied November 5, 1953, and appellant's petition for a hearing by the Supreme Court was denied December 17, 1953. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.