[Crim. No. 5517.   Second Dist., Div. Three.   Sept. 26, 1955.]

In re JAMES W. DEHNING et al., on Behalf of ROBYN ADAIR DEHNING, a Minor, on Habeas Corpus.

Albert Lee Stephens, Jr., for Petitioners.

E. O. Berry for Respondent.

VALLÉE, J.—Petitioners seek by this proceeding in habeas corpus to secure the custody of Robyn Adair Dehning, aged 4, child of James and Diane Dehning, who is now in the custody of Diane. A writ was issued, a return was filed, and a

*Assigned by Chairman of Judicial Council.

hearing was held. James is now in military service. He was present at the hearing.

James and Diane were divorced in the state of Washington in 1953. The judgment awarded custody of Robyn to Diane with rights of visitation to James and the paternal grandmother, Mrs. William Dehning.

In July 1952, when Robyn was 10 months of age, Diane voluntarily left her with the paternal grandparents, Mr. and Mrs. William Dehning, at their home in Washington, where Robyn continued to remain. In December 1953 James petitioned the Washington court for modification of the judgment of divorce to give physical custody of Robyn to the paternal grandparents. A hearing was had, and in March 1954 the court filed a memorandum opinion in which it stated that the decree should be modified to provide that the child be left in the temporary custody of the paternal grandparents. Before an order had been signed, Diane filed a petition for rehearing. On March 11, 1955, the court made an order that Robyn be placed in the temporary care and custody of the paternal grandparents until further order. On March 18, 1955, a rehearing was held. On April 1, 1955, the court filed a memorandum opinion in which it stated that the welfare of Robyn would be best served by giving the paternal grandparents the actual and physical custody of Robyn at least until James returned from military service, and stated there would be no restriction of any reasonable visitation right on the part of Diane, but that Robyn should not be removed from the jurisdiction of the Washington court until further order. Prior to the entry of an order after the rehearing, Diane petitioned the court for reargument, which was set for July 22, 1955.

On July 17, 1955, prior to the reargument, Diane was in Washington and was allowed to have Robyn for the weekend. In disregard of the orders of the court, she left Washington and, without notice to James or the paternal grandparents, brought Robyn to California, and filed a petition in the Superior Court of the County of Los Angeles to be appointed her guardian. James then moved the Washington court for an order to show cause why Diane should not be held in contempt and why she should not forthwith return the custody of Robyn to the paternal grandparents. On August 19, 1955, a hearing was held on the order to show cause, at which both parties were represented by counsel. On August 26 the court made findings of fact and conclusions of law and entered

an order modifying the judgment of divorce and adjudging Diane in contempt. The court found the facts as we have stated them, and that: Diane had knowledge of the hearing on the order to show cause and that she had stated she did not intend to be present; the welfare of Robyn would be best served if she is in the home of the paternal grandparents; Diane ''has demonstrated her unfitness to have the custody and rearing of said child, and the interests of said child are being seriously jeopardized'' in her hands; the California guardianship proceeding ''is misleading and fraudulent.'' The order of August 26 modified the judgment of divorce and the order of March 11, 1955, to provide that the general care, custody and control of Robyn be vested in James, with instructions that Robyn be kept in the home of her paternal grandparents until James returns from military service. The order further adjudged Diane to be in contempt of the Washington court, and directed her to return Robyn to the home of the paternal grandparents in Longview, Washington, before September 1, 1955. Although Diane had notice of the order she did not return Robyn to the paternal grandparents prior to September 1, 1955, and has refused to do so.

The guardianship proceeding, referred to by the Washington court in its findings, was stayed by this court to await the determination of this habeas corpus proceeding.

The jurisdiction of the Washington court is conceded. ▮ The orders of that court must be given full force and effect in this state in the absence of a showing of a change of conditions since the order of August 26, 1955. There has been no showing of a change of conditions since that date. The applicable principles of law are stated at length in *In re Bauman*, 82 Cal.App.2d 359 [186 P.2d 154], and need not be repeated. There being no showing of any changed conditions since August 26, 1955, the custody of Robyn must be returned to petitioners.

The stay order in the guardianship proceeding No. Ingl. 2029, now pending in the Superior Court of the County of Los Angeles, is terminated; and Diane J. Dehning is ordered and directed to deliver forthwith custody of Robyn Adair Dehning to James W. Dehning, Mr. William Dehning, and Mrs. William Dehning, the petitioners.

Wood (Parker), Acting P. J., and Ashburn, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.