[Civ. No. 16802. First Dist., Div. Two. June 26, 1956.]

MARY ROYAL MONIZ, Appellant, v. LOUIS G. MONIZ, Respondent.

Haley & McInerney and C. O. Heffernan for Appellant.

Stanley Block and Henry Muller for Respondent.

DEVINE, J. pro tem.*—Appellant, Mary Royal Moniz, appeals from an order of the superior court awarding to respondent the complete custody of the children of the parties and denying counsel fees and costs to appellant.

Appellant obtained an interlocutory judgment of divorce in the Superior Court of Alameda County on March 24, 1953, which awarded to her the care, custody and control of the two minor children of the parties with certain visitation rights in respondent and ordered her to reside with said children within a radius of 50 miles of the city and county of San Francisco, but permitted her to make visits with them out of the state not in excess of 30 days in any one calendar year. The decree also required monthly payments for support of the children and approved and incorporated by reference a certain property settlement agreement.

On September 3, 1953, appellant having taken the children to Santa Fe, New Mexico, she executed there an affidavit for an order to show cause to be heard by the Superior Court in and for the County of Alameda asking that the provisions of the decree giving respondent visitation rights and requiring appellant to reside within a 50-mile radius of San Francisco, be stricken from the decree. Respondent thereupon filed an affidavit for an order to show cause as to modification alleging

*Assigned by Chairman of Judicial Council.

that the mother had failed in certain of her maternal duties. Both orders came on for hearing before Honorable S. Victor Wagler, in the Superior Court of Alameda County, on September 21, 1953. After a two-day hearing at which both parties appeared and witnesses were heard on behalf of each, the court found that the allegations of respondent's affidavit were true, and that Mrs. Moniz was not a fit and proper person to have the children. She was ordered forthwith to deliver the physical custody of the children to Mr. Moniz. The court found that they were then in Santa Fe, New Mexico in violation of the order of the court. Mrs. Moniz took no appeal from the order.

As appellant did not deliver the children to respondent, she was on October 23, 1953, adjudged in contempt, but this order was never executed because she remained in New Mexico. Respondent made trips to New Mexico after the order of September 23 and again after the contempt order of October 23, but appellant refused to deliver custody of the children to him and denied him the opportunity to see them.

On January 5, 1954, respondent filed in the District Court at Santa Fe, a petition setting forth all of the above facts with copies of the orders of the Alameda County Superior Court attached thereto, and requested an order directing appellant to deliver the children to him. Appellant filed an answer and cross-petition admitting her failure to comply with Judge Wagler's order and alleged that at the hearing before said judge she had been denied an opportunity to present her case fully and had been prevented from showing the falsity of the statement relative to her fitness, and that the modifying order had not been based on the true facts. The New Mexico court found that there had been a substantial change in circumstances and that appellant was then a fit and proper person to have the children, that the custody should be divided between the parents so that appellant would have them for nine months and respondent for three months, and that respondent should pay certain amounts for child support. Mr. Moniz was required to file a bond in the sum of $1,000 and Mrs. Moniz a bond in the sum of $2,500, as guarantees of the return of the children to each other. On August 10, 1954, Mr. Moniz moved for an appeal of the order but on the same day abandoned it. On August 12, 1954, Mrs. Moniz petitioned the New Mexico court for the complete care, custody and control of the children and alleging the respondent was in arrears in payments under the property settlement

agreement and in child support ordered by the Superior Court of Alameda County. Respondent thereupon paid $500 into court, stating that his arrears in the property settlement agreement was due to the fact that appellant was still in contempt of said court for removing the children from its jurisdiction.

On August 28, 1954, the New Mexico court denied appellant's petition and ordered her to deliver the children to respondent on September 1, 1954. Respondent received the children on September and brought them to his home in Oakland where they have since been living with himself and his mother.

On October 13, 1954, respondent filed his notice of motion for an order confirming custody of the children in him as decreed by the Alameda County Superior Court on September 29, 1953, and also requesting any other relief which the court might deem just and equitable. The affidavit in support thereof related most of the facts outlined above.

On November 3, 1954, when the hearing on respondent's motion began, appellant presented herself for sentence for contempt of which she had been adjudged guilty on October 23, 1953. She was fined $200 and ordered purged of her contempt. Although respondent asked that appellant be not heard because of her contempt, the court gave her a full opportunity to present her opposition through affidavits and witnesses, the court being of the view that the paramount question was the welfare of the children.

After an extensive hearing lasting three days, at which the present home conditions provided by the father and those provided by the mother were testified to in great detail, the court granted respondent's motion for an order awarding to him complete custody of the children, and declaring and confirming that the prior order of September 23, 1953, is in full force and effect, and further ordering appellant to pay her own attorneys' fees and costs.

The trial court made detailed findings as to present circumstances, concluding that appellant was not a fit and proper person to have custody of the children in view of her persistent defiance of court orders, and the court also wrote a very helpful opinion. It was found that her allegation in her answer to respondent's petition in the New Mexico court that she had not been afforded an opportunity to present the true facts "was utterly false, in that she herself had testified before Judge Wagler, had produced a number of witnesses in

her behalf, and had been accorded every opportunity to be heard.''

The court held that the New Mexico decree did not preclude the order that is the subject of this appeal, and, as an alternative holding, adjudged that there had been a change of circumstances since the rendering of the New Mexico order which would justify the change of custody.

Appellant contends that the New Mexico decree is entitled to be recognized on the ground of comity. Appellant argues that the New Mexico decree was not based upon a finding by the court of that state that there had not been a fair hearing in the Alameda County court, but that there had been a change of circumstances since that hearing, in that the evidence at the time of the New Mexico decree showed that Mrs. Moniz was then a fit and proper person to have custody of the children. Thus, she argues, the New Mexico decree being based on new and altered circumstances, was not in derogation of the California decree.

Although appellant, in her counterpetition before that court did not allege changed circumstances, but alleged unfairness of the hearing in California, the court found such altered circumstances namely, that appellant then was a fit and proper person to share the custody of the children.

The doctrine of comity does not apply in this case. In the first place, there is a personal bar against the invoking of the doctrine by appellant, because when the New Mexico decree was made, she was acting in open defiance of the decree of the California court. It was her own contumacious conduct which kept the children in New Mexico and without their presence in that state, the decree on which she relies would not have been made.

In *Brown* v. *Brown,* 104 Cal.App.2d 88 [230 P.2d 651], the mother had removed the children surreptitiously to the State of Oregon in defiance of a decree of a California court, and, having obtained a decree in Oregon awarding custody to her, attempted to invoke that decree when seeking to obtain the custody of the children, who had been removed by stealth by the father from Oregon. It was held that the mother's position necessarily was inconsistent, in that she succeeded in having the Oregon court ignore the California decree, and then sought to have the California court respect the Oregon decree as that of a sister state.

It is argued by appellant that she had purged herself of

contempt; but we do not regard the payment of the fine which satisfied the punitive aspect of the contempt proceeding as correcting her prior actions.

Not only is there incongruity in the position of appellant personally in relying on a foreign decree which was made possible only by her own flouting of the orders of the court of this state, but also there would have been a failure of the superior court of this state to show respect for its own dignity were it to have yielded to a foreign decree so obtained.

That the California court was not bound to follow the decree of another state in the matter of the custody of children, but might itself as *parens patriae* determine which was for their best interest, is well established. (*Titcomb* v. *Superior Court*, 220 Cal. 34, 39 [29 P.2d 206]; *Foster* v. *Foster*, 8 Cal. 2d 719, 726 [68 P.2d 719]; *Sampsell* v. *Superior Court*, 32 Cal. 2d 763, 780 [197 P.2d 739]; *In re Kosh*, 105 Cal.App.2d 418 [233 P.2d 598]; *Stout* v. *Pate*, 120 Cal.App.2d 699 [261 P.2d 788], certiorari denied, 347 U.S. 968 [74 S.Ct. 776, 98 L.Ed. 1110]; *Brown* v. *Brown, supra.*)

Ordinarily, after a custody order has been made in another state, the courts of this state will not change it unless there has been a change of circumstances, upon the grounds of orderly administration of justice which will prevent vexatious and interminable litigation and of recognition of the doctrine of comity. (*In re Wenman*, 33 Cal.App. 592 [165 P. 1024]; *Foster* v. *Foster, supra,* p. 727; *In re Marshall*, 100 Cal.App. 284 [279 P. 834]; *In re Livingston*, 108 Cal. App. 716 [292 P. 285]; *In re Kyle*, 77 Cal.App.2d 634 [176 P.2d 96]; *In re Memmi*, 80 Cal.App.2d 295, 299 [181 P.2d 885]; *Sorrels* v. *Sorrels*, 105 Cal.App.2d 465, 469 [234 P.2d 103].)

The change of circumstance rule, however, is not hard and fast, and will yield to other considerations. (*Foster* v. *Foster, supra,* p. 728; *Bogardus* v. *Bogardus*, 102 Cal.App. 503 [283 P. 127]; *Peterson* v. *Peterson*, 64 Cal.App.2d 631, 633 [149 P.2d 206]; *Kelly* v. *Kelly*, 75 Cal.App.2d 408, 410 [171 P.2d 95]; *Cornwall* v. *Cornwall*, 108 Cal.App.2d 95, 110 [238 P.2d 8]; *Disney* v. *Disney*, 121 Cal.App.2d 602, 607 [263 P.2d 865].) In the case before us, orderly administration of justice does not demand application of the rule, but rather would have caused the New Mexico court to have abstained from changing the order of the California court. Nor does comity call for bringing the "changed circumstance" rule into play. Comity being based on mutual re-

spect, can have no firm basis unless a state has regard for its own decrees not less than it has for those of other states.

It is argued that respondent, having invoked the jurisdiction of the New Mexico court (which he could not avoid doing in the circumstances), has submitted to its jurisdiction. Assuming, however, that the New Mexico court had jurisdiction, we believe it did not act with due regard for the decision of the California court and that, therefore, recognition of its decree is not impelled by the deference which commonly is granted to decisions of courts of other states. The children's presence in New Mexico at least since 30 days after they were brought there was accomplished by defiance of the California decree, and the father had pursued his rights under that decree with all diligence.

The Supreme Court of New Mexico has recognized the propriety, in such a case, of abiding by the earlier decree of another state.

In *Evens* v. *Keller,* 35 N.M. 659 [6 P.2d 200], there was a situation not unlike the case before us. Both parents of the child being deceased, a sister of its mother and a brother of its father sought custody of the child in the State of Colorado and custody was awarded to the latter. In despite of the decree, the mother's sister fled to New Mexico with the child, and secured a decree of adoption. The Supreme Court overruling the trial court, directed that custody be awarded to the father's brother, saying:

"But the cases holding that another court on the same facts may make a different award of a child's custody from that previously made in another hearing between the same parties on the same subject matter overlook the decisive consideration that what is best for the child's welfare already has been adjudicated in the prior proceeding. So in giving effect to a prior adjudication, the court does not depart from the doctrine contended for. It merely recognizes that the question already has been settled and determined.

"Any other rule would be disastrous in the extreme, would reward contempt, and place a premium on abduction. The courts of any one of forty-eight different states would in the mind of a designing claimant to a child's custody, offer hope that there could an adverse decision elsewhere be circumvented and a tortious custody of the child made lawful. Fortunately the jurisdiction of our country has not so moulded the law."

In view of the above, it is not necessary for us to discuss the subject whether or not there were changed circumstances since the New Mexico decree.

The court's order denying counsel fees to appellant because her refractory conduct had made the procedure necessary, was justified.

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 21, 1956. Carter, J., was of the opinion that the petition should be granted.