[Civ. No. 5482.   Fourth Dist.   July 26, 1957.]

SHIRLEY WANDA FOHEY, Respondent, v. JAMES ARNOLD FOHEY, Appellant.

C. C. Pease for Appellant.

White & Froehlich for Respondent.

MUSSELL, J.—Shirley Wanda Fohey and James Arnold Fohey were married at Eureka Springs, Arkansas, on September 9, 1951, and were separated June 11, 1954.   There were two children the issue of the marriage, Jay Michael, born August 18, 1952, and Janice Lynn, who died on July 12, 1954.   In October, 1955, Shirley Fohey filed an action for divorce in Jackson, Missouri, against James Arnold Fohey and by stipulation of the parties the custody of Jay Michael was given to his mother pending trial of the action.   The first trial date set for the hearing of this matter was December 26, 1955, and on December 24, 1955, Shirley took the child to San Diego, California, where the child has lived with her continuously since said date.

The trial of the action in Missouri was continued to March 16, 1956, at which time plaintiff made a substitution of attorneys and the trial was again continued to April 2, 1956. On this last mentioned date a decree of divorce was rendered by the Circuit Court of Jackson County, Missouri, reciting that plaintiff had failed to appear and prosecute her complaint and decreeing that defendant was awarded the care and custody of Jay Michael Fohey. Neither plaintiff nor her attorney were present at this trial and no evidence was there presented in plaintiff's behalf.

On July 18, 1956, Shirley filed in the Superior Court of San Diego County a petition for custody of Jay Michael and on July 27, 1956, an order to show cause was issued re temporary custody of the child. On August 2, 1956, James Arnold Fohey obtained a writ of habeas corpus for the purpose of obtaining custody of the child and both the petition of Shirley and the habeas corpus matter were heard at the same time upon stipulation of the parties. The trial court awarded the custody of the minor child to petitioner Shirley and denied the petition for writ of habeas corpus. James Arnold Fohey appeals from the decree, claiming that the Superior Court of San Diego County erred in awarding the custody of the child to Shirley, contrary to the terms of the Missouri divorce decree. We find no reversible error in the judgment and decree under attack.

In *Titcomb* v. *Superior Court,* 220 Cal. 34, 39 [29 P.2d 206], it is held:

"Where children whose custody has been the subject of judicial inquiry in another state subsequently become residents or inhabitants of this state, they are subject to the supervisory jurisdiction and guardianship of this state, to be exercised for their protection. The paramount concern in awarding custody as between parents is the welfare of the child, who is not the property of his parents. If it appears that the circumstances upon which the prior order of another state is based have not changed, our courts, on principles of comity, may refuse to decree a change of custody, but the decree of the other state is never a bar to inquiry as to the best interests of the child. [Citation.]" See also to the same effect *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 781 [197 P.2d 739].

In the instant case, it appears that the Missouri divorce and custody decree were valid. However, the courts of California, nevertheless, have jurisdiction of the child involved to deter-

mine his custody in accordance with his best welfare. ■ The paramount concern in awarding custody is the welfare of the child. In *Dotsch* v. *Grimes,* 75 Cal.App.2d 418, 420 [171 P.2d 506], it was held that the child, being within the jurisdiction of the California courts, the courts of this state are empowered, notwithstanding any judgment or order of the courts of a sister state, to inquire into and determine in their own behalf what are the best interests and what will best promote the interests of the child, and the court further held as follows:

"We are here confronted with another case wherein the Ohio and California courts found both parents fit to have custody of the child and did award physical custody to both parents during specified periods of each calendar year. In the case of *Kelly* v. *Kelly, ante,* p. 408 [171 P.2d 95], this day decided, we had before us a similar situation so far as the fitness of both parents is concerned. In the case just cited we held that the so-called 'changed circumstances' rule was never intended to nor can it impair the inherent and statutory power of the court to make such orders relative to the custody of children 'as may seem necessary or proper' and to 'at any time modify or vacate the same.' (Civ. Code, § 138, subd. 2.) If, as it has been repeatedly held, the welfare and best interest of the child are the paramount concern of the court, then what governs is not the rule of 'changed circumstances,' but what at the time of the hearing is, in the sound discretion of the court, for the child's welfare. While, as stated by this court in *Kelly* v. *Kelly, supra,* the court may not be held to have abused its discretion in refusing to modify or change the custody unless there is a showing of 'changed circumstances,' such a showing is not an essential prerequisite to the making of such modification if, in the exercise of its broad and sound discretion, the court, under the facts before it, determines that the best interests of the child would be conserved by modifying the previous order."

In *Guardianship of Svoboda,* 92 Cal.App.2d 136 [206 P.2d 672], the facts were very similar to the case at bar. The wife, Gladys, in Illinois, sued her husband, Arthur, for divorce and obtained the custody of their minor child. Gladys and the child then came to Culver City, California. Gladys married one Roy M. Hurst and they lived in Fresno. In February, 1946, Arthur instituted proceedings in Chicago to change the divorce decree so as to give him sole custody of the minor child. The Illinois court appointed a master to take the evi-

dence and ordered that Arthur should have the minor child from July 1, to August 31, 1946. Gladys, then in California, was represented before the master by counsel who had represented her in the divorce, but she did not testify before the master either in person or by deposition. The master reported that custody should be changed to Arthur. While the master's report was under submission, Gladys filed her petition for guardianship in California. On October 31, 1946, the Illinois court confirmed the master's report and findings, held that the welfare and best interests of the minor would be best served by placing her in Arthur's custody and so ordered. Arthur contended on appeal in the California guardianship matter that the court's inquiry into the matter of changed circumstances should have been limited to the period of four months from the date of the Illinois order and that no change of circumstances was shown. The appellate court affirmed the order of the trial court granting letters of guardianship to the mother and held that in any inquiry into a change of circumstances the marital status of a woman and the support of herself and a dependent child are of primary importance; that if the hearing had been confined, as appellant claimed it should have been, to the four months subsequent to the Illinois order, much of the testimony of the highest importance relating to changed circumstances would have been shut out.

In the instant case, it clearly appears that Shirley did not violate any court order when she took her child to California, such as was the case in *In re Dehning*, 135 Cal. App.2d 635 [287 P.2d 782]; *In re Memmi*, 80 Cal.App.2d 295 [181 P.2d 885]; *In re Bauman*, 82 Cal.App.2d 359 [186 P.2d 154]; and *Moniz* v. *Moniz*, 142 Cal.App.2d 527 [298 P.2d 710]. The record herein shows that at the time of the Missouri decree of April 2, 1956, Shirley was required to keep her child at the home of a Mrs. Smith during the week, seeing him only on week ends. At the time of the California hearing Shirley had obtained a house for herself and the child where she was able to be with the child every night, giving his care over to others only during the week day working hours. Substantial evidence was introduced as to Shirley's good reputation for morality and her fitness as a mother for the child.

The trial court found that the child involved has been living with his mother during his entire lifetime; "that conditions have changed since the custody was awarded to the defendant, in that now the child, Jay Michael Fohey, is living with the plaintiff at all times, whereas at the time custody was

awarded to the defendant, the plaintiff boarded the child out during the week, because she did not have enough money to keep the child with her; also that the Missouri court did not have before it facts that show that as between plaintiff and defendant, the plaintiff is the most fit and proper person to have custody of the child of the parties."

In *Guardianship of Svoboda,* 92 Cal.App.2d 136, 142, *supra,* the court said, quoting from *Guardianship of McCoy,* 46 Cal. App.2d 494, 496 [116 P.2d 103] " 'The appointment of a guardian for a minor is a matter lying within the sound discretion of the court and the conclusion reached will not be set aside on appeal unless it is shown to have been reached as a result of an abuse of discretion.' " No abuse of discretion is shown in the instant case.

Judgment and decree affirmed.

Barnard, P. J., and Griffin, J., concurred.