[Civ. No. 25393. Second Dist., Div. Three. Apr. 25, 1961.]

ARIETTA HOPE WIEDMANN, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent; ERNEST J. WIEDMANN, Real Party in Interest.

John L. Mace for Petitioner.

Vern B. Thomas, District Attorney, and Robert D. Curiel, Deputy District Attorney, for Respondent.

No appearance for Real Party in Interest.

NOURSE, J. pro tem.*—In the above-entitled matter we issued three writs: an alternative writ of mandate as to an order granting real party in interest, Ernest J. Wiedmann, temporary custody of the three minor children, a writ of habeas corpus as to the three minor children and an alternative writ of prohibition relative to the proceedings pending in the respondent court for a determination of the right of custody to said minors. These matters have been consolidated for hearing and will be determined herein.

*Assigned by Chairman of Judicial Council.

All of the foregoing proceedings arise out of the following facts: In 1953 petitioner and real party in interest were residents of the State of New Mexico. In April of that year petitioner secured a final decree of absolute divorce from real party in interest. By this decree she was awarded the custody of the three minor children of the parties, Arietta then 7 years of age, Sebastian then 4 years of age and Jerome then 1 year of age. The decree provided that petitioner should ''have the exclusive care and control of said children, except that defendant shall have the right . . . to have them *visit him*, . . . at reasonable times and for reasonable periods of time only.'' (Emphasis ours.) At the time of the entry of the decree, real party in interest had established residence in California.

The decree did not place any limitation upon where petitioner might establish her residence and that of the children, and in 1955 petitioner established her residence and domicile in Phoenix, Arizona, and moved with the children to that place. Between the date of the entry of the decree and the fall of 1956, the children visited real party in interest at his home in California. In 1958 petitioner instituted an action in the Superior Court of Santa Barbara County to require real party in interest to support the minor children and obtained an order requiring him so to do. In the summer of 1959 arrangements were made between petitioner and real party in interest, that the three children should visit real party in interest at his home in Santa Barbara County, California, and while there is a dispute between the parties as to the length of the visit that was agreed upon, they are in agreement that it was for a period extending to at least February 1, 1960. In December 1959, the parties agreed that petitioner might visit with the children during the Christmas holidays, this visit to take place at Carmel, California. After so agreeing, real party in interest petitioned respondent court to be appointed guardian over the persons of the three children and secured an ex parte order giving him custody of the three minor children until the hearing upon the petition for guardianship, which was set for January 8th, and repudiated his agreement. On January 6th petitioner filed her answer and objections to the appointment of real party in interest as guardian but in her answer did not attack the jurisdiction of the court. On May 10th, real party in interest commenced an action to determine the right to custody of the said minors in which he alleged certain facts purporting to show a change in circumstances since the entry of the New Mexico decree of divorce and it was for

the best interests of the children that their custody be given to him and by which he sought a decree awarding him custody but giving the right to petitioner to have the children with her during certain vacation periods. Petitioner answered this complaint but did not by her answer raise any question as to the jurisdiction of the court. By order of the respondent court the petition for guardianship and the action to determine custody were consolidated and set for trial. On January 31, 1961, petitioner filed with the respondent court a petition for writ of habeas corpus which was denied by that court on the same day. On February 14, 1961, petitioner moved the respondent court to vacate the ex parte order for temporary custody and to stay proceedings under the petition for guardianship until the custody of the children had been restored to petitioner in accordance with the terms of the divorce decree entered in the courts of New Mexico. These motions were made upon the ground that the children were not domiciled in the State of California at the time of filing the petition for right of guardianship and the court was without jurisdiction to appoint a guardian or make the order for temporary custody. She also moved the court for an order directing the real party in interest to award her attorney's fees and costs to resist the petition for guardianship and the action to determine the right to custody. All of the aforesaid motions were denied by the respondent court and the petitions were then filed with this court for the alternative writs which we have heretofore issued and for a writ of habeas corpus which we have heretofore issued.

DOES THE RESPONDENT COURT HAVE JURISDICTION TO APPOINT A GUARDIAN OR TO ENTERTAIN AN ACTION TO DETERMINE THE CUSTODY OF THE CHILDREN OF THE PARTIES? Petitioner contends that the children were not residents of or domiciled in this state or in the county of Santa Barbara but were merely visitors there and that therefore the respondent court was without jurisdiction to entertain either a guardianship proceeding or an action to determine the right to their custody.

It is clear that the children were not residents of the county of Santa Barbara or domiciled therein. They were in the county upon a visit to their father pursuant to the right given under the New Mexico decree to have them visit him for reasonable times and pursuant to the agreement between petitioner and real party in interest based upon the provisions of that decree. Petitioner having been granted the exclusive

custody of the children, her residence and domicile were theirs. (Civ. Code, § 213.)

 Section 1440 of the Probate Code provides in part as follows: "When it appears necessary or convenient, the superior court of the county *in which a minor resides* or *is temporarily domiciled,* . . . may appoint a guardian for his person. . . ." (Emphasis added.) If either the verb "resides" or the verb "domiciled" is given its ordinary legal meaning, it is clear that the courts of this state did not have jurisdiction to appoint a guardian for a child who was merely a visitor of this state pursuant to the terms of a custody decree of another state, for neither the word "resident" nor "domiciliary" is synonymic with the word "visitor." The nouns "resident" and "domiciliary" both denote that the person has a permanent place of abode and they are not synonymic with "visitor." (*Ex parte Fillibertie*, 62 F.Supp. 744 at 748.) On the other hand, the word "visitor" denotes that a person is but temporarily in a place for a specific purpose. Unfortunately for petitioner, however, the courts of this state have refused to give to the verbs "resides" and "domiciled" as used in section 1440, Probate Code, the meaning usually attributed to them and have held that a minor who is physically present in a county is temporarily domiciled therein within the meaning of section 1440 and despite the fact that its legal domicile may be in some other state.[1] (See *Guardianship of Smith*, 147 Cal.App.2d 686 at 689, 692 [306 P.2d 86], and cases there cited.)

 DID THE COURT HAVE THE POWER TO MAKE ITS EX PARTE ORDER FOR TEMPORARY CUSTODY? We are convinced that it did not. The power to grant this order is given by section 1442 of the Probate Code. It may only be given where the welfare of the minor would be imperiled if he is allowed to remain in the custody of the person having his care. In the case at bar the minors were in the care of the real party in interest who sought the order for temporary custody. The effect and purpose of the order as shown upon the face of the petition therefor and the declarations made by the real party

---

[1] The phrase "temporarily domiciled," if "domiciled" is given its generally accepted legal meaning, is self-contradictory for domiciled in that sense denotes that the person's permanent home or place of abode is at a certain place and if a place of abode is temporary, it is not in law his domicile. (*Brisenden* v. *Chamberlain*, 53 F. 307 at 311.) But if the word "domicile" is read as meaning "residence" or "abode," then when modified by the adjective "temporary" the phrase may be construed, as it has been, as being broad enough to cover a mere visitor.

in interest were, without hearing, to change the legal right of custody in entire disregard of the decree of the district court of New Mexico. There was no showing whatsoever of any facts existing at the time the order was made, that the children's welfare was in anywise imperiled. The most that can be said for the showing is that if petitioner was apprised of the petition of real party in interest for guardianship, she might assert her rights under the decree of the district court of New Mexico. To this decree the courts of this state were obligated by comity, to give full faith and credit until there had been a determination of such a change in circumstances as to make it to the best interests of the children that their mother, who had been given their custody by the New Mexico decree, be deprived of that custody.

IS THE PETITIONER ENTITLED TO REGAIN POSSESSION OF THE CHILDREN UNDER HER PETITION FOR HABEAS CORPUS? We are satisfied that she is not. While petitioner's bare legal right to custody is established by the decree of the district court of New Mexico, until there is proof of facts which would justify an order granting custody to real party in interest, and we might well require real party in interest to respect that decree as a condition to his prosecuting the proceedings to change the provisions of that decree and gain the right to custody under a California decree (*In re Kyle*, 77 Cal.App.2d 634 [176 P.2d 96]; *In re Memmi*, 80 Cal.App.2d 295 [181 P.2d 885]; *In re Bauman*, 82 Cal.App.2d 359 [186 P.2d 154]; *Guardianship of Simpson*, 87 Cal.App.2d 848 [197 P.2d 820]), still this court is not obligated to enforce that bare legal right if it appears that that would not be, at this time, for the best interests of the minors. (*In re Gates*, 95 Cal. 461 at 462 [30 P. 596]; *In re Britt*, 176 Cal. 177 at 182 [167 P. 863]; *In re Martin*, 79 Cal.App.2d 584 at 586 [180 P.2d 383]; *In re De Leon*, 59 Cal.App.2d 510 at 515-516 [139 P.2d 109].) In the present case petitioner did not challenge the order for temporary custody until more than a year after it was made and the children now have been in this state in the care of real party in interest for nearly two years. They are now enrolled in the schools of California and each of them has shown a disinclination to reside with petitioner and to prefer to reside with their father. The present proceedings in the respondent court can undoubtedly be heard and determined before the beginning of the next school term. It is apparent that it would not be for the best interest or welfare of the children that this court now order their surrender to peti-

tioner. In so holding we are not to be understood as finding that there has been such a change in circumstances as to warrant a modification of the rights of custody as given by the New Mexico decree. That is a matter for determination by the respondent court.

The alternative writ of prohibition is discharged; the writ of habeas corpus is discharged and the children remanded to the custody of the real party in interest, Ernest J. Weidmann, subject to the power and right of the respondent court to make any such order as it may find proper relative to the right of the respective parties to the custody of the said children. A peremptory writ of mandate will issue commanding the respondent court to vacate its order for temporary custody made and entered on the 16th day of December, 1959.

Vallée, Acting P. J., and Ford, J., concurred.

A petition for a rehearing was denied May 19, 1961.