[Civ. No. 22716.   First Dist., Div. Three.   Mar. 23, 1966.]

MARY ROYAL MONIZ, Plaintiff and Appellant, v. LOUIS
G. MONIZ, Defendant and Respondent.

Haley, McInerney & Dillon, Richard A. Haugner, William
H. McInerney and Alexander Karst for Plaintiff and Appellant.

Stanley Block and Henry Muller for Defendant and Respondent.

DEVINE, J.—■ The question in this case is what, if any,
discretion a court has to withhold execution for unpaid in-
stallments under a property settlement agreement which has
been incorporated into a judgment. The parties have been
before this court in two earlier appeals, *Moniz* v. *Moniz,* 142
Cal.App.2d 527 [298 P.2d 710], and *Moniz* v. *Moniz,* 142 Cal.
App.2d 641 [299 P.2d 329]. It is not questioned by the
parties, and indeed it is the law of the case from the second
appeal (142 Cal.App.2d at p. 644), that the judgment is not
subject to modification because of the integrated character of
the property settlement.

Following the judgment of divorce, appellant, in violation of the judgment, took the children from California to New Mexico under circumstances described in the first *Moniz* appeal. The children have been returned to California and live with their father, respondent. In the second *Moniz* case, the husband sought modification of the monetary award which had been made against him, to the extent of his expenses in regaining custody of the children. This was denied, but it was suggested that he might bring independent action (142 Cal. App.2d at p. 643), or that if the wife should take affirmative action, such as contempt proceedings (at that time, prior to *Bradley* v. *Superior Court*, 48 Cal.2d 509 [310 P.2d 634], judgment for payments under property settlement agreements incorporated in the divorce decree could be enforced by contempt), the court might give weight to the plea for delayed payments (142 Cal.App.2d at p. 646).

When appellant, the wife, moved for execution in 1964, there were unpaid installments for a period slightly over 10 years. (Although appellant in her brief makes the point that even as to the small amounts which are beyond 10 years, there was an abuse of discretion by the trial judge in denying execution, the point has been virtually abandoned. It has no merit.) Appellant contends, however, that under section 681 of the Code of Civil Procedure she has an absolute right to execution for unpaid sums within 10 years, which would amount to $1,475 plus interest. Respondent argues that in divorce cases, by virtue of section 139 of the Civil Code, the superior court has discretion in the matter of execution, and that in this case the court's order is justified by the expenses to which respondent was put some 10 years ago in regaining custody of the children, and by the fact that his resources are limited. The expenses were in excess of $4,000. He has take-home pay of $760 a month, out of which he supports himself and the two children. He has a small equity in the home in which he and the children live. He has outstanding debts of about $20,900.

The court's order on the motion for execution recites that the court has studied the entire file and has considered all the circumstances, and that it is "hereby ordered that plaintiff recover of defendant the sum of Four hundred fifty dollars ($450.00) only, without interest," and that the sum of $450 shall be paid in nine equal monthly installments. It is held in *Di Marco* v. *Di Marco*, 60 Cal.2d 387 [33 Cal.Rptr. 610, 385 P.2d 2], that since the plaintiff's rights are based on a

judgment for the payment of money she can, by the terms of section 681 of the Code of Civil Procedure, enforce her rights at any time within 10 years (p. 393). It is further held that there is no merit to the contention that the issuance of a writ of execution to enforce rights she acquired by the property settlement agreement would cause hardship to the defendant.

In this case, the order made by the trial court, therefore, which would limit the collectible amount to $450, cannot be sustained. There is to be considered, however, the effect of section 139 of the Civil Code and of the holding of *Messenger* v. *Messenger,* 46 Cal.2d 619 [297 P.2d 988]. Section 139 provides that any judgment of divorce "may be enforced by the court by execution or by such order or orders as in its discretion it may from time to time deem necessary." In *Messenger* v. *Messenger,* this section was applied even though the judgment had incorporated an integrated property settlement agreement. Messenger was a physician whose only source of payment was the income from his practice. Had unconditional execution been issued, a constable might have been placed in his office to make collections, with ruinous results not only to the doctor's practice but also to the success of the execution itself. It was held that because issuance of the writ would impair the doctor's ability to discharge the arrearages, conditional *suspension* of the issuance was proper. In *Di Marco,* the question was whether the writ could be withheld because of hardship; *suspension* for the purpose of protecting the doctor's ability to pay was not a question. In *Moniz,* immediate execution for the whole amount might have the consequences not only of hardship to respondent but also of impairing his ability to pay the entire debt. In this connection, it may be observed that appellant has a contingent liability to support the children.

Therefore, we hold: (1) that appellant is entitled, as a matter of right, to execution for the whole unpaid amount; (2) that if in the judgment of the trial court an orderly suspension of the writ on condition that certain payments be made until the whole debt is discharged, be deemed to be for the protection of both creditor and debtor, in the light of circumstances as they exist at the new hearing, such suspension may be made.

Order reversed.

Draper, P. J., and Salsman, J., concurred.